## AMES *v.* HAGER.

*(Circuit Court, N. D. California.* September 17, 1888.)

NATIONAL COURTS—CASES ARISING UNDER REVENUE LAWS—JURISDICTIONAL AMOUNT.

Clause 4, § 629, Rev. St., was not repealed by the act of March 3, 1875, (18 St. 470,) or by the act of March 3, 1887, (24 St. 552,) defining the jurisdiction of the circuit courts, and these courts have jurisdiction in suits arising under revenue laws, although the amount in dispute is less than $2,000.

*(Syllabus by the Court.)*

*A. P. Van Duzer,* for plaintiff.
*J. T. Carey,* U. S. Atty., for defendant.
Before SAWYER, Circuit Judge.

SAWYER, J.   This is a suit to recover from the collector of the port of San Francisco the sum of $375.75 drawback on grain-bags claimed to be illegally withheld.   Defendant demurs on the ground that, the sum sought to be recovered being less than $2,000, the court has no jurisdiction under the act of March 3, 1887.   In *U. S.* v. *Huffmaster,* 35 Fed. Rep. 81, (No. 3,704,) we held that under the act of March 3, 1875, the court had no jurisdiction over a suit to recover $250, the value of a quantity of wood illegally cut on the public lands.   And in a similar suit, brought under the act of March 3, 1887, that there is no jurisdiction where the amount claimed is less than $2,000.   *U. S.* v. *Huffmaster,* 35 Fed. Rep. 81, 83.   We held that the first, second, and third clauses of section 629, Rev. St., were repealed by the subsequent acts of 1875 and 1887.   The question now is, whether the fourth paragraph is also repealed—this being a suit arising under the revenue laws, in regard to which there is no limitation in that clause.   Although this clause speaks of "suits at law or in equity, arising under any act providing for revenue from imports or tonnage," the supreme court has held that a suit of this character is not a common-law suit on a promise, but a suit under a statute.   *Arnson* v. *Murphy,* 109 U. S. 238, 3 Sup. Ct. Rep. 184.   It seems manifest that the acts of 1875 and 1887 cover the whole subject-matter of the first three clauses of section 629, Rev. St., but the intention as to the remainder of the section is not so clear.   The subject-matter of the first three clauses is substantially the same as that of section 11 of the act of 1789, and embraces the *general* jurisdiction of the court. That of the fourth claim is covered by, and taken from, the act of 1833, (4 St. 632,) and the subsequent clauses from various other statutes conferring *special* jurisdiction.   Before the consolidation in the Revised Statutes all these provisions stood and were in force together, and, as to many of them, at least, there was no limitation as to the amount necessary to confer jurisdiction.   In the Revised Statutes, they were collected into one section, a clause having been given to each class.   The language of the statute was changed, in order to collate and condense, without intending to change the law.   In the acts of 1875 and 1887, congress re-

v.36F.no.3—9

turns substantially to the language of the act of 1789, conferring *general* jurisdiction, and, doing so, is it not reasonable to suppose, that by this return to the language of that act it was intended to embrace the subject-matter only, of that act, with respect to limiting the jurisdiction by the amount in dispute? If not so intended, then no suit could be brought under the act of 1875, under either of the clauses subsequent to the third, including suits upon patents for inventions, unless the amount in dispute exceeds $500, and none can now be brought under the act of 1887, unless the amount involved exceeds $2,000. Although in some doubt on the point, I shall hold, that only the first three clauses are covered, and therefore repealed, by the acts of 1875 and 1887, and that under the fourth clause it is not necessary that the amount in dispute should exceed $2,000 in order to give the court jurisdiction. Let the demurrer be overruled.