VANY v. RECEIVER OF TOLEDO, ST. L. & K. C. RY. CO.

POTTER v. SAME.

(Circuit Court, N. D. Ohio, W. D.    April 9, 1895.)

RIGHT TO JURY TRIAL—ACTION AGAINST RECEIVERS—REMOVAL OF CAUSES.

Where a receiver appointed by a federal court is sued in a state court as authorized by act of congress, and removes the suit into the federal court, plaintiff is entitled to a trial by jury, if he would have been so entitled in the state court.

Actions by Isaac Vany and Cynthia Potter, administratrix, against the receiver of the Toledo, St. Louis & Kansas City Railway Company. The cases were removed into the federal court, and defendant moved that they be referred to a master.

Hurd, Brumback & Thatcher, for plaintiffs.
Brown & Geddes, for defendant.

RICKS, District Judge. These are two cases removed from the court of common pleas of Lucas county, Ohio, by the receiver. They are suits instituted under the act of congress which authorizes parties having complaints against the receiver, based upon acts done by him or his agents or servants as receiver, to bring suit against him in the courts of the state without leave or permission first having been obtained from the court appointing such officer. Upon the removal of these cases into this court, the counsel for the receiver filed a motion asking for a reference to a master as to the issues of fact, made upon the petitions and the answers of the receiver. The receiver, by his counsel, contends that the cases, having been brought into this court, should be conducted as a part of the

equity proceedings of the main cause, and, as is customary in issues of fact in such proceedings, that a reference should be made to a master in chancery to report upon the facts involved. Counsel for the plaintiffs contend that, the act of congress having given them the right to sue the receiver in the state court, if such suit is removed into this court it ought to proceed as though it had been originally a law case instituted in this court, and according to the usages and practices of the state court into which they had elected to carry their controversy.

It is well settled by many adjudications of the supreme court that it is within the discretion of the chancellor, when an issue of fact arises in an equity case, to submit that issue to a jury or to a master, as may seem most expeditious, convenient, and just for all concerned. Under these decisions, the practice has obtained, in this circuit at least, to refer all such issues of fact to a master, because it is—First, more expeditious; second, more economical; and, third, more convenient and satisfactory to the court. When a party voluntarily intervenes in an equity proceeding, with such a practice well established, he is supposed to have intervened with knowledge of such practice, and thereby to have subordinated his claim to such mode of proceeding as is customary in such cases. But the act of congress having given a party the right to sue the receiver in a state court, where the right to a trial to jury is guarantied him unless waived, if the receiver brings that controversy by removal into the federal court, I think the intent and purpose of the act of congress should be carried out, and that, if he demands it, he should have a trial to a jury in the court to which his case has been removed without his consent. It is not necessary to argue this matter further, as I believe that is pretty generally recognized as the practice in the different districts in this circuit.

The motion will therefore be overruled in both cases, and, at the proper time, the cases made by the petitioners and the receiver upon their pleadings will be submitted to a jury for trial.