In re FOLEY.

(Circuit Court, D. Nevada. September 28, 1896.)

No. 605.

1. FEDERAL COURTS—JURISDICTION—CONSENT OF COUNSEL.
Consent of counsel cannot give jurisdiction to the federal courts, and unless jurisdiction clearly appears it is the duty of the court of its own motion to remand the case.

2. REMOVAL OF CAUSES—ACTIONS AT LAW—EQUITABLE DEFENSES.
Where, by the statutes of a state, equitable defenses may be made to an action at law, and such an action is removed into the federal court, matters in law and matters in equity must be separated, and equitable relief must be sought in a separate suit.

3. PLEADING—TRIAL BY JURY—PETITION.
The character of a pleading is determined by what it alleges, not by the prayer for relief; and, where it appears that the petitioner is entitled to trial by jury, the court will not deny that right because the proceedings have been equitable in form.

4. CIRCUIT COURTS—JURISDICTION—REMOVAL OF CAUSES.
The circuit courts of the United States are not given jurisdiction, under the removal act of 1887-88 (25 Stat. 434), of proceedings in the settlement of the estates of deceased persons. In re Cilley, 58 Fed. 977, applied.

5. REMOVAL OF CAUSES—ADMINISTRATION PROCEEDINGS—PETITION TO ESTABLISH CLAIM.
In the course of the administration of an estate in a state court of Nevada, an illegitimate son filed a petition to be permitted to share in the estate, alleging that the deceased had acknowledged the paternity of the petitioner in conformity with the Nevada statute (Gen. St. § 2982). The allegations of the petition were denied by nonresident claimants, who removed the cause to a federal court. Held, that the federal court had no jurisdiction of the entire administration proceedings; that the only matter it could determine was the issue of fact presented by the petition and answer thereto; and that if the claim were established it must take its place, and share in the estate as administered in the state court. Craigie v. McArthur, Fed. Cas. No. 3,341, distinguished. Byers v. McAuley, 13 Sup. Ct. 906, 149 U. S. 608, applied.

6. FEDERAL COURTS—LEGAL AND EQUITABLE JURISDICTION.
A petition filed by an illegitimate child, in administration proceedings, claiming a share in the estate, and alleging that his paternity was acknowledged by deceased in conformity with the Nevada statute, which allegation is denied, presents an issue of fact, which, when the cause is removed to a federal court, must be tried, not as an equitable proceeding, but as an action at law, in which there is a right to a jury trial.

Upon petition of Vernon Harrison Hartley, a minor, claimant for one-half of the estate, as the duly-recognized illegitimate son and heir of M. D. Foley, deceased. John D. Foley et al., contestants.

Motion of John D. Foley et al. for an order of court to set the matter of contest herein for trial without a jury, on the ground that said matter is a proceeding in equity and not an action at law.

W. E. F. Deal, for the motion.

Henry Mayenbaum and J. F. Dennis, opposed.

HAWLEY, District Judge (orally). What are the issues raised by the pleadings herein? What are the questions which are to be heard, tried, and determined? Are the proceedings which have been instituted equitable in their nature, or should they be treated as proceedings at law? Is petitioner, as a matter of right, upon the trial of the issues herein, entitled to a jury trial? The character of the proceedings is set forth in Foley v. Hartley, 72 Fed. 570, to which reference is here made. Briefly stated, the issue to be tried arises upon the petition of Vernon Harrison Hartley, a minor, who, through his guardian, claims to be entitled to a distribution of one-half of the estate of M. D. Foley, deceased, as the illegitimate son and heir of said deceased, and alleges that after he was conceived, and before he was born, M. D. Foley, in his lifetime, acknowledged in writing, before a competent witness, that he was the father of petitioner, in conformity with the provisions of section 2982, Gen. St. Nev. These averments in the petition are denied in the answer of J. D. Foley et al., and it is affirmatively alleged that if such a writing exists it is a forgery, and prays that it be delivered up and canceled. Petitioner filed a replication to this answer. When this matter was before this court in the equity suit of Foley v. Hartley, No. 602, the court said:

"The issue of fact in dispute is whether or not M. D. Foley, in his lifetime, in writing, acknowledged Vernon Harrison Hartley to be his son, in the presence of a competent witness."

This is the only issue to be heard, tried, and determined herein. This being true, should petitioner be denied the right of trial by jury because the issue is raised and presented in the proceedings for the settlement of the estate of a deceased person, which proceedings are equitable in their nature and character? Should he be denied the right of trial by jury because of the fact that the answer asks for equitable relief? These questions are propounded by counsel, and submitted upon the eve of my departure to attend a session of the circuit court of appeals; and, were it not for the fact that it is important for the parties to know at an early day when and how it should be set for trial, I should decline to determine the questions without giving to the whole subject-matter a more careful and thorough consideration. What is the character of the proceeding before this court? Is it purely legal, or is it equitable in its nature? The attorneys for the petitioner assert that the contest "is a cause or proceeding at law." The attorney for the nonresident heirs asserts that "this proceeding, while denominated a 'petition for partial distribution,' is in fact an action in equity to quiet title." Moreover, he contends that all the steps taken by either party have been upon the equity side of the court, under the equity rules; that the prayer

of the petition is for equitable relief; that the answer to the petition sets up, and prays for, equitable relief; that a replication was filed by the petitioner because required by the rules in equity; that testimony has been stipulated to be taken under equity rules, etc. Whatever has so far been done by the respective parties cannot be said to march up to the standard of an estoppel which would prevent either party from retracing their steps, if they have been erroneous, and placing themselves upon proper ground before the trial of the case. It does not follow that, because both parties have hitherto failed to appreciate their true position, they cannot, in the paths which they are now called upon to pursue, follow the right road. The difficulty lies in determining whether they have been right or wrong in the theories upon which they have been acting. It may with confidence be stated that the fountain head which must necessarily control this case has not yet been reached by any positive stand taken by either side. It is about time that the proceedings assume some definite form. The character of the petition is to be determined by what it alleges in the statement of facts, and cannot be changed by the prayer for relief.

The proper determination of the matter now before the court involves jurisdictional questions that would more properly arise upon a motion to remand the proceedings, and questions that may hereafter arise, if the matter is properly before this court, with reference to its jurisdiction to act in the distribution of the property of the estate. The question whether the proceeding in the settlement of estates of deceased persons is a suit of a civil nature, "at common law or in equity," which, under section 2 of the acts of 1887–88, are authorized to be removed to this court, lies at the bottom of this proceeding, and sooner or later (the earlier the better) it will have to be decided. No motion, however, has been made to remand this proceeding. Counsel on both sides have apparently been desirous of avoiding the jurisdictional question, and so far have proceeded upon the theory that the case is properly before this court. But consent of counsel does not give this court jurisdiction. Unless its jurisdiction clearly appears, it will be the duty of the court, sua sponte, to remand the case. Counsel should show their position more clearly in relation to this question. The rights of the respective parties must not be withheld for the purpose of taking chances of a decision in their favor, and then, in the event of failure, for the first time fall back upon the want of jurisdiction. If it is believed that no jurisdiction exists, it is the duty of counsel to point out the reasons which induce such belief, in order that the court may have the benefit of their research, and act with "all the lights" which counsel can give upon the mooted subject.

While all the papers and proceedings concerning the administration and settlement of the estate have been removed to this court, the question arises, for what purpose were they brought here? Was not the sole purpose that of having the controversy upon the facts set out in the minor's petition, as to his heirship, settled by this court? Does not the power to make distribution of the estate vest solely with the district court of the state, under the jurisdiction given

to it by the constitution of the state "in all cases relating to the estates of deceased persons, and the persons and estates of minors and insane persons?" Article 6, § 6. The case of Craigie v. McArthur, Fed. Cas. No. 3,341, 4 Dill. 474, cited and relied upon by the nonresident heirs, is not applicable to the facts of this case. It is true that Judge Nelson declared that a contest in regard to the distribution of the estate of a deceased person is a suit of "a civil nature * * * in equity," which, upon the ground of diverse citizenship, might be removed from the state court under the provisions of the act of congress of March 3, 1875. That point, although raised in the case, was not necessarily involved in the decision. The court held that the motion to remove was not made in time, and the cause was remanded for that reason. The opinion of Dillon, Circuit Judge, was based solely upon that ground. But the case, in any event, has no application here, because it only presented the rights of the parties under the provisions of the removal act of March 3, 1875, while the present case is dependent solely upon the provisions of the removal acts of 1887–88, which in many essential particulars, as is clearly shown by the decision of the court of appeals in Re Cilley, 58 Fed. 977, is different from the provisions of the act of 1875. The court, in that case, said:

"There is a wide difference between the removal provisions of the act of 1875 and the acts of 1887–88, as will be seen upon examination. The act of March 3, 1875, provided, through section 1, 'that the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds,' etc. Section 2 provided 'that in any suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court, where the matter in dispute exceeds,' etc., * * * or in which there shall be a controversy between citizens of different states, * * * either party may remove said suit into the circuit court of the United States for the proper district. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states,' etc. It will be observed that the second section, which authorizes removal, is broader than the first section, which grants original cognizance upon the circuit courts; and herein lies the difference between the acts of 1875 and 1887. It is manifest that under the act of 1875 suits or controversies not originally cognizable in the circuit court might ripen into a suit removable under section 2. It will be seen that in describing suits of a civil nature, at law or in equity, removable under section 2, there is no reference to the preceding section, and there is therefore in section 2 no reference to the suits of a civil nature, at common law or in equity, described in section 1. In other words, under section 2 there is no reference to common-law suits or proceedings in equity. And it will be further seen that in the last part of section 2 the provision is, 'When in any suit mentioned in this section there shall be a controversy,' etc. The removability, therefore, under the act of 1875, was to be determined upon the force of section 2, without any reference to the jurisdictional grant of section 1, or to the common-law phrase used therein. Under this section there was strong ground for holding that original jurisdiction was not the test of removability, and that any controversy between citizens of different states, which had taken the form of a suit of a civil nature at law or in equity, might be removed; and the weight of authority unquestionably sustains this view. But the present jurisdiction of this court depends upon the acts of 1887–88, and not upon the act of 1875. We must therefore look to the acts of 1887–88 for the purpose of determining whether jurisdiction exists to administer justice in a probate proceeding of this character. Sections 1 of the acts of 1875 and 1887–88 are, in substance, the same; but, as has been observed, there is a wide difference between section 2 of the acts of 1887–88, which authorizes removals, and section 2 of the act of 1875. Section 2 of the acts of 1887–88 first provides

'that any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section,' may be removed. It next provides 'that any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being nonresidents of the state.' It would seem that the first two clauses of section 2 contain all the jurisdictional grant embodied in the second section, and describe and limit the same, and in both instances refer directly to suits of a civil nature pending in the state courts of which the federal courts are given jurisdiction by the preceding section. It is true that section 2 further provides that 'when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove. * * *' And this is followed by the further clause that where a suit is now pending, or may hereafter be brought, it may be removed on the ground of local prejudice, etc. But it does not seem to us that this enlarges the limit stated in the second clause, for the reason that there are no suits 'mentioned in this section,' aside from those embodied in the first and second clauses of the section, in both of which reference is made, as has been observed, to the preceding section; and we must assume that the third clause of section 2, which gives the right of removal to one of several defendants, and the fourth clause, which gives the right of removal of a suit on the ground of local prejudice, have reference to cases included within the first and second clauses.  Malone v. Railroad Co., 35 Fed. 625, 626; In re Pennsylvania Co., 137 U. S. 451, 454–456, 11 Sup. Ct. 141.  In other words, the third clause gives the right of removal to one of several defendants, and the fourth clause gives the right of removal on the ground of prejudice and local influence; or, in other words still, the first and second clauses of section 2 define the classes of cases which may be removed, while the third and fourth clauses merely give the right of removal in the same class of cases to particular parties and upon particular grounds.  The only enumeration of removable cases is in the first part of the section, and it is reasonable to assume that, if it was intended to enlarge the classes in the latter part of the section, which gives the right of removal to one of several defendants as a matter of right, and to all at any time before trial, if local prejudice is established, it would have given some intimation of the particular cases which were intended to be covered, and which were not included within the general terms embodied in the first and second clauses."

The entire case is instructive, inasmuch as it reviews numerous authorities bearing more or less upon the questions involved in this case.  The point there decided was that a proceeding to establish and probate a will is not a suit "at common law or in equity," and is not removable under the acts of 1887–88.  The proceedings in the settlement of the estates of deceased persons in the jurisdiction of probate matters in the United States, and in the ecclesiastical and probate jurisdiction in England, have always had as distinct, separate, and definite a meaning as actions at law, or suits in equity, or admiralty jurisdiction.  To hold, therefore, that this court has jurisdiction of such proceedings, under the laws of 1887–88, would, in my opinion, give the acts of congress authorizing removals from the state court in the enumerated cases a construction which is not intended by the language of the act.  It is unquestionably the duty of the national courts to follow the course clearly marked out by law.  "We must tread the direct and narrow path prescribed for us."  We should never assume ungranted jurisdiction in any case, upon the one hand, nor, upon the other hand, shrink from the exer-

cise of any jurisdiction which is lawfully conferred upon us. Lessee of Fisher v. Cockerell, 5 Pet. 248, 259. It may be that, in the regular course of the administration of an estate in the probate court, nonresidents might have the right to institute an independent action or suit in the courts of the United States to establish a claim or demand against the estate. Or, if such an action or suit was commenced in the state court by a resident, the nonresident defendants might have the right to remove the cause from the state court. The question is therefore presented whether the filing of the petition by the minor in the estate proceedings should be considered as the commencement of an independent action or suit to determine his right to share in the distribution of the property of the estate. In Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, which was an independent suit in equity originally brought in the United States circuit court to establish a claim against an estate, and for a division of the property, the circuit court in its decree undertook to regulate the administration of the estate. The supreme court decided that in this respect the circuit court erred, but held that where, as here, the debts of the estate had been paid, and the estate was ready for distribution, "the circuit court might entertain jurisdiction in favor of all citizens of other states to determine and award their shares in the estate. Further than that it was not at liberty to go." The circuit courts having no original jurisdiction in respect to the administration, the claim, if established, must take its place and share in the estate as administered in the probate court. Does it not necessarily follow from these principles that the court in this case, in the determination of the only question before it, is not called upon to exercise any equitable jurisdiction? Is not the question one that can be settled in a court of law? The right of trial by jury, as it existed at common law, is guarantied by the constitution of the United States, and it is only in exceptional cases or proceedings, and for clearly-specified purposes, that parties can be deprived of this privilege. "It is," as was said in Grand Chute v. Winegar, 15 Wall. 375, "in vindication of this great principle, and as declaratory of the common law, that the judiciary act of 1789, in its sixteenth section, declares 'that suits in equity shall not be sustained in either of the courts of the United States in any case where adequate and complete remedy may be had at law.'" The effect of this provision of the judiciary act is, as has often been stated by the supreme court, "that whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury." Hipp v. Babin, 19 How. 271, 278; Insurance Co. v. Bailey, 13 Wall. 616; Lewis v. Cocks, 23 Wall. 466, 470; Root v. Railway Co., 105 U. S. 189, 212; Killian v. Ebbinghaus, 110 U. S. 568, 573, 4 Sup. Ct. 232; Fussell v. Gregg, 113 U. S. 550, 555, 5 Sup. Ct. 631; Buzard v. Houston, 119 U. S. 351, 7 Sup. Ct. 249.

Can the equitable matters set up in the answer of the nonresident heirs be considered in determining the question whether this proceed-

ing is the nature of a suit in equity? It is true that under the statutes of this state the answer in an action at law may set up equitable defenses. But when such a case is removed into this court the matters in law and the matters in equity must be separated. In the national courts legal defenses only can be interposed to legal actions. A defendant who has equitable grounds for relief against a plaintiff must seek to enforce them by a separate suit in equity. Railroad Co. v. Paine, 119 U. S. 561, 7 Sup. Ct. 323. The statute of Nevada giving to an illegitimate child the right in certain cases to share in the father's estate creates a right unknown to the common law. The general rule is that where the statute of a state creates a new right, and provides a remedy for the enforcement thereof, the national courts will, for the protection of the right created, follow the remedy prescribed, unless the same is contrary to some provision of the constitution of the United States, or of some act of congress. In Pollard v. Bailey, 20 Wall. 520, 527, the court said:

"A general liability created by statute, without a remedy, may be enforced by an appropriate common-law action. But, where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed."

See, also, Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, and authorities there cited. In Lucich v. Medin, 3 Nev. 93, the supreme court held that, although the district courts of the state were invested with the same jurisdiction of cases at law, of cases in equity, and in matters of probate, a petition to the court of probate should not be confounded with an action at law or a suit in chancery. See, also, In re Allgier, 65 Cal. 228, 3 Pac. 849. The trial of issues in the district court in probate matters should therefore be governed by the provisions of the statute applicable to such jurisdiction. The act to regulate the settlement of the estates of deceased persons provides that "all issues of fact shall be disposed of in the same manner as is by law provided upon the trial of issues of fact in the district court." Gen. St. Nev. § 2963. Section 3179 provides that "an issue of fact shall be tried by a jury." These provisions of the statute should not be, and I apprehend, never have been, so interpreted as to mean that every issue of fact which may arise in probate proceedings would have to be tried by a jury. It must only mean such issues of fact as by analogy, at least, are presented by the pleadings in ordinary actions at law or suits in equity. In re Moore's Estate, 72 Cal. 335, 13 Pac. 880. The court in Re Burton, 93 Cal. 463, 29 Pac. 37, said:

"The superior court [which corresponds with the district court in this state], while sitting in matters of probate, is the same as it is while sitting in cases in equity, in cases at law, or in special proceedings; and, when it has jurisdiction of the subject-matter of a case falling within either of these classes, it has power to hear and determine, in the mode provided by law, all questions of law and fact the determination of which is ancillary to a proper judgment in such case."

In the case at bar the only question which can be determined by this court is whether the minor child was acknowledged by M. D. Foley to be his child, in the manner required by the provisions of the statute hereinbefore cited. The determination of that question

involves an "issue of fact," which, under the statute of this state, if tried in the state court, might be tried by a jury. If the writing which will be relied upon by the minor to establish this issue of fact in his favor is a forgery, as claimed by the nonresident heirs, that fact can be established in a court of law as well as in a court of equity. The decision, when given in the proper tribunal, will be final and conclusive, and be binding upon all the parties. In Osborne v. Osborne, 41 S. C. 195, 19 S. E. 494, the plaintiff claimed to be the widow of the intestate, and brought an action against the defendant, who was an heir at law of the intestate and also the administratrix, for an account of the personalty and a partition of the realty in defendant's possession. The answer denied that plaintiff was the widow, or as such entitled to any portion of the property. The defendant asked for a jury, which was denied by the lower court. The cause was tried before the court, and a decree entered for an equal distribution of the estate. Upon appeal the supreme court, after quoting the provisions of the Code of the state providing that an issue of fact for the recovery of specific real or personal property must be tried by a jury, said:

"The plaintiff claims one-half the land, while the defendant claims the whole. Did that not make an issue as to title, in the sense of the Code? It may be that the question whether the plaintiff is entitled to one-half of the land will depend upon her being able to show that she is the legal widow of the intestate, yet still, as we understand it, that would be only a probative fact upon the issue of title or no title. * * * We think it was error in the circuit judge to refuse the motion to have the question of title raised referred to the jury."

In Vany v. Receiver of Railway Co., 67 Fed. 379, the receiver appointed by the federal court was sued in a state court, as authorized by an act of congress; and he thereafter removed the case to the federal court, and there moved to refer the case to a master as to the issues of fact upon the petition and answer of the receiver, upon the ground that the case, having been brought into the federal court, should be conducted as a part of the equity proceedings of the main cause. The court denied the motion upon the ground that the act of congress having given the plaintiff the right to sue the receiver in the state court, where the right of trial by jury is guarantied to him, the intent and purpose of the act should be carried out, and if he demands it he should have a trial by jury in the court to which his case has been removed without his consent. In Donahue v. Meister, 88 Cal. 121, 25 Pac. 1096, which was an action to determine an adverse claim to real estate, the pleadings showed that the plaintiff was in possession. The answer set up as a defense a cause of action in ejectment, averring that defendant was rightfully in possession, and was ousted by the plaintiff before the commencement of the present action, and that the plaintiff wrongfully withholds the possession from the defendant. Upon the trial defendant demanded a jury, which the superior court denied upon the ground that the case was a proceeding in equity. The supreme court held that upon the issues raised by the pleadings the defendant was entitled to a jury trial; that the right to a jury trial of legal issues could not be avoided by calling an action equitable, nor could the

plaintiff, by bringing an equitable action, deprive the defendant of a jury trial, to which he would have been entitled if the parties had been inverted, and the defendant had sued the plaintiff. See, also, Taylor v. Ford, 92 Cal. 419, 28 Pac. 441. This court should not deny to the petitioner the right of trial by jury unless it clearly appears that the proceeding is one in equity, where equitable principles and issues are involved. If any doubts exist upon this question, they should be solved in his favor. The motion to set the case for trial without a jury is denied.