## In re FOLEY.

### SMITH v. FOLEY.

(Circuit Court, D. Nevada. May 28, 1897.)

No. 605.

1. REMOVAL OF CAUSE—PROBATE PROCEEDINGS—COMMUNITY PROPERTY.

Proceedings in a probate court to determine whether the property of a deceased person is separate or community property cannot be said to be "a suit of a civil nature at law or in equity," within the meaning of the removal act of 1887-88; and such a proceeding cannot be removed to a federal court, though the opposing parties are citizens of different states.

2. SAME—SEPARABLE. CONTROVERSY.

In a proceeding for the determination of the question whether the property of a deceased person was separate or community property, there cannot be any separable controversy between any of the persons claiming rights to share in the distribution of the property.

3. SAME—ADMINISTRATION PROCEEDINGS.

The federal courts will not interfere with the custody of the estate of a deceased person by the state probate court in which proceedings are pending for the administration of such estate, by removing such proceedings to the federal courts.

Motion to remand.

Robert M. Clarke, for petitioner.

G. W. Baker and T. V. Julien, for respondents.

HAWLEY, District Judge (orally). Petitioner is the Minnie D. Foley mentioned in Foley v. Hartley, 72 Fed. 571, as the widow of M. D. Foley, deceased. She has since intermarried with Oscar J. Smith. On December 31, 1896, after her marriage, she filed in the state district court of Washoe county (having jurisdiction of probate matters) an amended petition for the partial distribution of the estate of M. D. Foley, deceased, in which, among other things, it is alleged that a portion of said estate is separate property of said deceased, and a portion community property, not subject to administration and distribution, except for the payment, pro rata, of the debts of said deceased, and pro rata expenses of administration; that the other heirs of said estate, designated in Foley v. Hartley as the "nonresident heirs," claim that all of the property of said estate is separate property, subject to administration and distribution. And petitioner prays that it be adjudged and determined what portion of said estate is community property, and not subject to distribution, and what portion is separate property, and subject to administration and distribution, etc. The nonresident heirs petitioned the state court to remove the proceedings to this court, which application was denied. They thereupon procured and caused to be made a transcript of the record on removal, and filed the same with the clerk of this court. The grounds of the motion to remand the cause are:

"(1) That the state court is in the possession of the property by its officer, the administrator, and is proceeding to administer the estate, and to determine, upon the petition for distribution, the persons who are entitled to share in the

distribution of the estate, and the proportion that each is entitled to have; and having acquired jurisdiction, and being actually engaged in determining the question, its jurisdiction is exclusive, and, upon the principle of comity, the federal court will not interfere. (2) That the proceeding is a matter of probate jurisdiction and inquiry, and that the federal courts have no probate jurisdiction. (3) That the matter in controversy is not a suit 'of a civil nature at law or in equity,' within the meaning of the removal act of 1887-88. (4) That one of the petitioners is an alien, and is not entitled, under the removal act of 1887-88, to remove a cause. (5) That Vernon Harrison Hartley and George H. Thoma, guardian of Vernon Harrison Hartley, who were on the opposite side of the controversy from the petitioner, Mrs. Oscar J. Smith, are residents and citizens of the same state of which Mrs. Oscar J. Smith is a resident and citizen, and for this reason all the parties on one side of the controversy are not citizens of different states from the parties on the other side of the controversy."

The interest and claim of Vernon Harrison Hartley, the alleged minor heir, is set forth in the petition, and the motion to remand applies to him as well as to the nonresident heirs; but he being dead, and there being no revival of the former proceedings as to him, this court cannot determine any question concerning his rights. But inasmuch as the state court has taken jurisdiction of the petition of Mrs. Smith, and is proceeding to determine the nature of the property,—whether separate or community,—and the interests of the respective parties in the distribution thereof, it is deemed advisable to dispose of the motion, in so far as it relates to the contest between Mrs. Smith and the nonresident heirs. In considering the question whether the petitioner is entitled to have the proceedings herein remanded to the state court, or whether respondents are entitled to have the issues tried in this court, it is deemed proper to refer to certain facts and some general principles of law which should be constantly kept in mind in determining questions of this character. The administrator of the estate of M. D. Foley, deceased, is a party respondent. He is an officer of the state court. As such officer, he is lawfully in the possession of the property of the estate. His possession thereof is virtually the possession of the state court. Naturally, the jurisdiction of that court has attached to the assets of the estate. They are in gremio legis. The law of the state in relation to the rights of all parties having any claims or demands against, or interest in the property of, an estate, will always be observed in the national courts. The property of the estate is not, during the progress of administration, subject to seizure or sale. The national courts cannot enforce any judgment or execute any decree against the estates of deceased persons, in the regular course of administration in the state courts, contrary to the law of the state upon the subject. It will readily be seen that the administrator or executor of an estate could not perform his duty under the law if the property placed in his charge could be taken away from him, and appropriated to the payment of one or more claims against the estate, to the injury of all others. These propositions have been frequently announced, followed, and, so far as this court is advised, always sustained, by the national courts. Vaughan v. Northup, 15 Pet. 1, 6; Williams v. Benedict, 8 How. 107, 112; Peale v. Phipps, 14 How. 368, 374; Bank v. Horn, 17 How. 157; Pulliam v. Osborne, Id. 471; Yonley v.

Lavender, 21 Wall. 276, 280; Heidritter v. Oil-Cloth Co., 112 U. S. 294, 304, 5 Sup. Ct. 135; Walker v. Brown, 11 C. C. A. 135, 63 Fed. 204, 212. It is a rule of general application in the United States courts that, where property is in the actual possession of one court of competent jurisdiction, such possession cannot be disturbed by process out of another court. Hagan v. Lucas, 10 Pet. 400; Peck v. Jenness, 7 How. 612, 625; Taylor v. Carryl, 20 How. 583; Freeman v. Howe, 24 How. 450; Ellis v. Davis, 109 U. S. 485, 498, 3 Sup. Ct. 327; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355; Borer v. Chapman, 119 U. S. 587, 600, 7 Sup. Ct. 342; In re Tyler, 149 U. S. 164, 181, 13 Sup. Ct. 785; Byers v. McAuley, 149 U. S. 608, 614, 13 Sup. Ct. 906; In re Chetwood, 165 U. S. 443, 457, 17 Sup. Ct. 385; Ball v. Tompkins, 41 Fed. 486, 490; Compton v. Jesup, 15 C. C. A. 397, 68 Fed. 263, 279; Foley v. Hartley, 72 Fed. 570, 573; Gamble v. City of San Diego, 79 Fed. 487, 500. It follows from the views expressed in the foregoing authorities that the national courts have no jurisdiction in ordinary probate matters in the settlement of the estates of deceased persons. They cannot appoint administrators or executors, nor regulate the proceedings provided by the laws of the state for the discharge of the duties of their trust. They cannot probate a will. These and other matters that need not be further mentioned belong exclusively to the jurisdiction of the state courts that are invested with authority to act in the settlement of the estates of deceased persons. In re Cilley, 58 Fed. 977; In re Foley, 76 Fed. 390, 394; Armstrong v. Lear, 12 Wheat. 169; Fouvergne v. City of New Orleans, 18 How. 470. But, in the regular course of the administration of an estate, nonresidents may have the right to institute an independent action in the national courts to establish a claim or demand against the estate, or to have such matter adjudicated upon, if the requisite citizenship exists, by a removal from the state court, if there controverted. As was said in Hess v. Reynolds, 113 U. S. 73, 77, 5 Sup. Ct. 377, 378:

"It may be convenient that all debts to be paid out of the assets of the deceased man's estate shall be established in the court to which the law of the domicile has confided the general administration of these assets. And the courts of the United States will pay respect to this principle, in the execution of the process enforcing their judgments of these assets, so far as the demands of justice require. But neither the principle of convenience, nor the statute of a state, can deprive them of jurisdiction to hear and determine a controversy between citizens of different states, when such a controversy is distinctly presented, because the judgment may affect the administration or distribution in another forum of the assets of the decedent's estate. The controverted question of debt or no debt is one which, if the representative of the decedent is a citizen of a state different from that of the other party, the party properly situated has a right, given by the constitution of the United States, to have tried originally, or by removal in a court of the United States, which cannot be defeated by state statutes enacted for the more convenient settlement of estates of decedents."

See Payne v. Hook, 7 Wall. 425; Yonley v. Lavender, 21 Wall. 276; Borer v. Chapman, 119 U. S. 587, 7 Sup. Ct. 342; Clark v. Bever, 139 U. S. 96, 103, 11 Sup. Ct. 468; Byers v. McAuley, 149 U. S. 608, 620, 13 Sup. Ct. 906; Wickham v. Hull, 60 Fed. 326, 330;

Walker v. Brown, 11 C. C. A. 135, 63 Fed. 204, 211; In re Foley, 76 Fed. 390, 395. A nonresident creditor of the estate may also, under certain conditions, maintain a suit in equity, for fraud, to set aside a sale of real estate made under authority of the probate court. Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. 619; Arrowsmith v. Gleason, 129 U. S. 87, 9 Sup. Ct. 237. In Byers v. McAuley the court said:

"The federal court erred in taking any action or making any decree looking to the mere administration of the estate, or in attempting to adjudicate the rights of citizens of the state as between themselves. The state court had proceeded so far as the administration of the estate carries it forward to the time when distribution may be had. In other words, the debts of the estate had been paid, and the estate was ready for distribution, but no adjudication had been made as to the distributees; and in that exigency the circuit court might entertain jurisdiction in favor of all citizens of other states, to determine and award their shares in the estate. Further than that it was not at liberty to go."

The question, and the sole question, to be determined upon the amended petition, arises under the provisions of the statute of this state, as to whether the property of the deceased is separate or community property. The state court has exclusive jurisdiction to determine that question. The question which is presented upon the amended petition is entirely different in its character from any of the cases which authorize the federal courts to take jurisdiction, either by the commencement of an independent suit, or by the removal of a cause regularly pending in the state court. The case is in many essential particulars dissimilar from the facts as presented in Foley v. Hartley, 72 Fed. 571, and In re Foley, 76 Fed. 390. There the only issue in dispute was "whether or not M. D. Foley, in his lifetime, in writing, acknowledged Vernon Harrison Hartley to be his son, in the presence of a competent witness." That question may be involved in the present controversy. But the parties in the present proceeding, upon the amended petition for distribution, are different, and additional issues are raised. Mrs. Foley was not a party in the former case. It was there admitted that she was entitled, as against the nonresident heirs and the minor heir, to one-half of the estate of M. D. Foley, deceased. The contest was solely between the nonresident heirs and the minor heir, as to which was entitled to the other half of the estate. Mrs. Foley, after her marriage, and by her amended petition, has presented an entirely different question. She claims that a part of the estate is community property. She therefore has an interest therein adverse to the nonresident heirs, and adverse to the minor heir. Proceedings in the probate court to determine the question whether the property of a deceased person is separate or community property cannot be said to be a "suit of a civil nature at law or in equity," within the meaning of the removal act of 1887–88. In the determination of the question as to the character of the property, there cannot, in the nature of things, be any separable controversy. All persons claiming any right to share in the distribution of the property are equally interested in the proceedings. Their rights must be measured and determined by the same rule. It cannot be held that the nonresidents would be entitled to have that question, as to them, determined in

the federal court, while other claimants, who are residents of the state, would be compelled to try the same issue, as between themselves, in the probate court of the state. Courts have never recognized any such a divided jurisdiction. It certainly will not be claimed that, as to the nonresident heirs, no portion of the property is exempt from distribution, but, as to the resident heirs, some portion of it is. "To entitle a defendant to a removal on account of the separability of the controversy from the rest of the case, there must exist a separate cause of action, on which a separate suit could be brought, and complete relief afforded, distinct from the rest of the case, and of which all the parties on one side are citizens of different states from all the parties on the other. The case must be separable into parts, so that in one of the parts a controversy will be presented wholly between citizens of different states, which can be fully determined without the presence of the other parties to the suit." 2 Fost. Fed. Prac. § 384, and authorities there cited. But it is claimed that the proceedings in the matter of the estate of M. D. Foley, deceased, were removed to this court in 1895, and that the whole matter as to the respective rights of the parties to share in the distribution is therefore not within the jurisdiction of the state court, and that the amended petition should have been filed in this court. The answer to this claim will be found in the opinion of this court in Re Foley, 76 Fed. 392–395, and need not be repeated. This court has no jurisdiction in respect to the general administration of an estate. Let an order be entered remanding the proceedings upon the amended petition to the state court.