# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

JOHNSON v. WELLS, FARGO & CO.

(Circuit Court, N. D. California. January 9, 1899.)

No. 12,705.

1. REMOVAL OF CAUSES—REVENUE ACT—AMOUNT IN CONTROVERSY.

The fact that a circuit court might have original jurisdiction of a case, under Rev. St. U. S. § 629, providing that circuit courts shall have original jurisdiction of all suits at law or in equity arising under any act providing for revenue, does not give the right to remove such a case, where involving less than $2,000, to the circuit court, since Act March 3, 1887 (24 Stat. 552), as corrected by Act Aug. 13, 1888 (25 Stat. 433), gives only the right to remove suits of which the circuit courts are given original jurisdiction "by the preceding section," which section requires at least $2,000 to be involved.

2. SAME.

The circuit court is justified in assuming cognizance of a cause on removal only when its jurisdiction is clear.

3. SAME—EFFECT ON STATE COURT.

A state court is not ousted of its jurisdiction of a case by unauthorized proceedings taken for removal of the case to a federal court.

Action at law to recover damages in the sum of $50 for the alleged neglect of the defendant, as a common carrier, to receive and transport a certain package of merchandise offered and tendered by plaintiff for conveyance and transportation.

McGowan & Squires, for plaintiff.

E. S. Pillsbury, for defendant.

MORROW, Circuit Judge.    This is an action to recover damages in the sum of $50 for the alleged neglect of the defendant, as a common carrier, to receive and transport a certain package of photographs offered and tendered by plaintiff for conveyance and transportation. The action was originally commenced in the justice's court of the city and county of San Francisco, and was transferred to this court on the petition of the defendant, alleging that it is a corporation organized and existing under the laws of the former territory and present state of Colorado; that the cause is of a civil nature at law, arising under a law of the United States providing internal revenue, to wit, under the act

of congress approved June 13, 1898, and entitled "An act to provide ways and means to meet war expenditures, and for other purposes"; that the matter in dispute in this suit, "as appears from the said answer of your petitioner to the said complaint, is whether the said act of congress, entitled 'An act to provide ways and means to meet war expenditures, and for other purposes,' approved June 13, 1898, imposes upon your petitioner and requires it, or the plaintiff, or other shipper or consignor, or his agent, or any other person tendering any goods to your petitioner for carriage or transportation, to furnish or to pay for the stamp in said act provided, of one cent, to be attached and canceled to every bill of lading, manifest, or other memorandum which it is the duty of your petitioner, under the provisions of this act, to issue to the plaintiff, or other shipper or consignor, or his agent, or to any other person from whom any goods are accepted by your petitioner for transportation; that the plaintiff contends that such tax is by said law imposed upon your petitioner, and that by said law it is made the duty of your petitioner to furnish or to pay for said stamps to be affixed and canceled to said bills of lading, manifests, or other memoranda, and to pay for said tax, and that your petitioner may not lawfully insist that the plaintiff and other shippers or consignors of goods over its lines shall furnish or pay for the stamps to be affixed and canceled to such bills of lading, manifests, or other memoranda; that your petitioner contends that such tax is not by law imposed upon it, and that it may lawfully insist that the plaintiff, and other shippers or consignors, or other persons desiring to make shipments over its lines, shall furnish or pay for such stamps, to be affixed and canceled to such bills of lading, manifests, or other memoranda, before your petitioner can lawfully be required to accept such shipments for carriage and transportation." The complaint charges that "the defendant is now, and was at all times herein mentioned, a common carrier of freight, goods, and merchandise, and engaged in the business of carrying freight, goods, and merchandise, as such common carrier, within the state of California, and to and from different parts thereof, and particularly to and from the city and county of San Francisco and the city of Oakland in said state, and was at all times herein mentioned offering to carry the class of freight hereinafter mentioned and described; that on or about the 12th day of September, 1898, the said plaintiff, being desirous of having defendant carry a certain package of photographs from said city and county of San Francisco to said city of Oakland, at said time, during the business hours of said defendant, at and in its office in said city and county of San Francisco, then and there offered and tendered to defendant said package of photographs, to be by said defendant, as such common carrier, conveyed and transported from said city and county of San Francisco to said city of Oakland, for which the charge of said defendant for said package was twenty-five cents; that at said time and place the said plaintiff offered and tendered to said defendant the said sum of twenty-five cents as freightage on said package; that said defendant at said time and place refused, and ever since said time has refused, to accept or receive said package, or to convey or transport the same, or to permit its conveying or transporting upon or over any of its lines or conveyances, and said defendant now refuses to receive, ac-

cept, transport, or convey the said package of photographs so as aforesaid offered and tendered by plaintiff for conveyance and transportation; that by reason of said defendant's refusal to receive, transport, or convey said package of photographs as aforesaid, plaintiff was compelled to send the same by other conveyance, was greatly inconvenienced, incurred additional cost and expense, all to his great damage, in the sum of fifty dollars."

It will be observed that it does not appear from the plaintiff's statement of his cause of action that it is one arising under the constitution, laws, or statutes of the United States, and that more than $2,000, exclusive of interest and costs, is involved. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34; Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738. Nor does it appear from the petition for removal that the suit is between citizens of different states, and more than $2,000, exclusive of interest and costs, is involved. Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. 518; Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692. The court has suggested to counsel that the circuit court has no jurisdiction of this case, for the reason that no federal question is stated in the complaint, diverse citizenship is not alleged, and the amount involved is not sufficient to give the court jurisdiction. But the defendant contends that the court has original jurisdiction of the case, under section 629 of the Revised Statutes, which provides, among other things, as follows:

"Sec. 629. The circuit courts shall have original jurisdiction as follows: * * * Fourth. Of all suits at law or in equity arising under any act providing for revenue. * * *"

It was held in Ames v. Hager, 36 Fed. 129, that this clause of section 629 of the Revised Statutes was not repealed by the act of March 3, 1875, or by the act of March 3, 1887; and, being in force as to the original jurisdiction of the circuit court, it is claimed that the court has the like jurisdiction by removal over cases arising under the internal revenue laws, without regard to the amount in dispute. The case of Crawford v. Hubbell, 89 Fed. 1, is cited in support of this claim; but I do not understand that the court in that case held that section 629 of the Revised Statutes conferred jurisdiction by removal of a case arising under the internal revenue laws, where the amount in dispute was less than $2,000. From an examination of the record of the case furnished to the court, it appears that the action was in equity to restrain the defendant, not only from exacting increased charges for stamp duties on specified shipments, but from continued exactions on that account which would, unless prohibited by the court, result in a multiplicity of suits; that the amount involved, exclusive of interest and costs, exceeded the sum and value of $2,000; and, from plaintiff's own statement of his cause of action in the complaint, it arose under the constitution and laws of the United States, to wit, under the internal revenue laws of the United States. This was sufficient to justify the court in sustaining the removal. The act of March 3, 1887 (24 Stat. 552), as corrected by act of August 13, 1888 (25 Stat. 433), is the general law on the subject of the removal of cases from the state courts to the United States circuit courts, and must be looked to as furnishing sub-

stantially the whole system in that regard. Black, Dill, Rem. Causes, § 11. The second section of that act provides:

"Any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district. * * *"

In the preceding section (section 1) the circuit courts of the United States are given original jurisdiction—

"Of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, * * * or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid. * * *"

The original jurisdiction of the circuit court, on the facts in the present case, cannot be found in the provisions of this first section; and, if the original jurisdiction of the court cannot be maintained under that section, it is clear that the right of removal does not exist under section 2 of the act. The fact that the court might have original jurisdiction of the case under clause 4 of section 629 of the Revised Statutes does not aid the claim of a right of removal under this act, and my attention has not been called to any other act that gives the right of removal in a case of this character. The suggestion of the court in Vinal v. Improvement Co., 34 Fed. 228, that "it would seem to be the reasonable meaning of the second section in the amending act [March 3, 1887], like the second section of the original act [March 3, 1875], to permit a defendant to litigate in the circuit court, by a removal, any suit which he could litigate there if it was originally commenced in a circuit court," has reference to the question of jurisdiction over the person of the defendant; the court holding that the word "jurisdiction," as used in the second section of the act of March 3, 1887, "refers to jurisdiction over the subject-matter, to the general jurisdiction of circuit courts, and means a jurisdiction which would enable any circuit court to entertain and determine the controversy, if the parties were before it." It is certain that the jurisdiction of the circuit court on removal is not clear in this case, and it is only when the jurisdiction of the court is clear that it is justified in assuming cognizance of the cause on removal. Fitzgerald v. Railway Co., 45 Fed. 812; Hutcheson v. Bigbee, 56 Fed. 329; In re Foley, 76 Fed. 390; Coal Co. v. Haley, Id. 882. The fact that the circuit court may have original jurisdiction of a case is not sufficient to justify the court in retaining jurisdiction on removal. The right of removal is wholly statutory, and, unless some provision of law can be found for the removal of a particular case, the state court is not ousted of its jurisdiction by unauthorized proceedings taken on that behalf. Insurance Co. v. Pechner, 95 U. S. 185; Fidelity Trust Co. v. Gill Car Co., 25 Fed. 737. Let an order be entered remanding this case to the court from whence it was removed.