In the Matter of the Estate of JULIA M. HUNGERFORD, Deceased.

Surrogate's Court, New York County, May 29, 1942.

*Milbank, Tweed & Hope*, for the Trust Company of Georgia, as executor of Julia G. Murphy, deceased, and Katherine M. Riley, petitioners.

*Baldwin, Todd & Young*, for the New York Trust Company, respondent.

*Medina & Sherpick*, for O. Robert Hungerford, respondent.

*Patterson, Eagle, Greenough & Day* and *Louis Klatzko*, for William B. Denton, receiver of O. Robert Hungerford, respondent.

DELEHANTY, S. Application is here made to remove to the Federal court one branch only of an application made in this court by the administrator with the will annexed of the estate of deceased. The fiduciary has initiated in this court a plenary application designed (a) to fix certain administration expenses, (b) to determine whether certain personal property shall be sold, and, if sold, the manner and terms and time of the sale, and (c) to determine the validity and effect of the purported election heretofore filed by the husband of deceased to take against her will.

The proceeding initiated by the administrator *c. t. a.* is wholly supported by the statute (Surr. Ct. Act, §§ 40, 145-a, 215 and 231-a) and by the accepted practice in the administration of estates in this State. The relief sought is one which the administrator in the proper administration of the estate affairs is entitled to seek on its sole initiative. The application is an integral whole. Each branch of it affects the administration of the estate as a

whole. Each concerns itself with the same *res*. In bringing on the proceeding the estate representative is exercising in its own behalf and in aid of the performance by it of its own obligations an undoubted right to apply to this court for direction in respect of the estate *res* which is under administration here. The right thus invoked by the estate representative is one which inures in it in its character as fiduciary. It is a substantial right which is wholly independent of any rights of the parties eventually to receive benefit under the will of deceased. In such a proceeding the estate fiduciary is not a mere stakeholder. The issue, therefore, is not one in which it can be said that the only parties concerned are the husband of deceased and the residuary legatees. Not even the third branch of the application concerns solely the husband of deceased and the residuary legatees. The administration of the estate and the disposition and distribution of the assets of the estate are vitally affected by the question whether there is or is not a right to elect against the will. The determination of that issue is a necessary and integral part of the administration of this estate. It cannot be said validly that even in respect of that issue there is no independent right of the fiduciary. There is not only a right to be heard in respect of the matter but a duty of the fiduciary to present such an issue and secure its determination.

In respect of the whole proceeding the fiduciary occupies a position comparable to that of a plaintiff. All of the other parties (diverse though their claims may be as against each other) occupy positions comparable to that of defendants. In such an issue it is not enough that there shall be a demand for removal made by some only of the persons occupying a status as defendants. The defect in this application for removal is apparent on its face.

Entertaining the view as it does that the proceeding is one affecting a *res* exclusively within the jurisdiction of this court and that the application to this court is one in which the estate representative is exercising its own substantial right to apply to the court for aid in administration of that *res*, the court finds on the face of the papers here submitted that there is lack of basis for the requested removal. (*Byers* v. *McAuley*, 149 U. S. 608; *Waterman* v. *Canal-Louisiana Bank Co.*, 215 id. 33; *Matter of Foley*, 80 Fed. 949; *Princess Lida* v. *Thompson*, 305 U. S. 456; *Fletcher* v. *Hamlet*, 116 id. 408; *Sheets* v. *Shamrock Oil & Gas Corp.*, 115 F. [2d] 880; affd., 313 U. S. 100; *Southern R. Co.* v. *Miller*, 217 id. 209.) Accordingly the application for removal is in all respects denied.

Submit, on notice, order accordingly.