## KESSINGER v. VANNATTA.

## DEIMER v. FRANZ.

*(Circuit Court, S. D. Iowa. June Term, 1886.)*

COURTS—STATE AND FEDERAL COURTS—JURISDICTION—INTOXICATING LIQUORS.
Whether the law of Iowa prohibiting the sale of intoxicating liquor is in violation of the constitution of the United States, and therefore involving a question of which the federal courts have jurisdiction, is involved in so much doubt that the federal courts will not assume jurisdiction, but will remand the cause to the state courts, since no material rights will thereby be affected.

In Equity.
*D. C. Cloud*, for plaintiff.
*H. J. Lauder*, for defendant.

LOVE, J. These cases are here by transfer from the circuit court of Iowa for Muscatine county. The plaintiffs move to remand. They are petitions in equity under the Iowa prohibition law. The purpose of the bill in each of them is to enjoin the defendant from continuing the business of vending intoxicating liquors, and to declare the saloon in which the business is carried on, with its fixtures, furniture, etc., a nuisance, and to deal with it as such under the law. These cases have been removed to this court upon the ground that they involve a federal question which gives this court jurisdiction. The contention of the defendants is that if these proceedings shall prevail against them they will be deprived of their property, and certain other rights, without due process of law, in violation of the constitution of the United States.

I have considered these cases with great attention, and the conclusion which I have reached is that the motions to remand involve questions of difficulty and doubt as to the jurisdiction of this court. It is the constant practice of this court to remand causes brought here from the state courts in cases of doubtful jurisdiction. The reason of this practice is obvious and conclusive. In the first place, the jurisdiction of the state court is unquestionable. It is, at least, concurrent with this court. But the jurisdiction of this court depends upon special facts, and it is in the present case, to say the least, doubtful. It is the safer and wiser course to send a cause for trial to a court of unquestionable jurisdiction, rather than retain it here, and go through all the forms of trial, when the jurisdiction is doubtful.

Again, if we sustain the motion to remand, exceptions can be taken at once to the order, and, because that order is a final adjudication here, a writ of error to the judgment of this court can be taken to the supreme court of the United States, and disposed of in that court

within a week or 10 days after the commencement of its next term. If, on the other hand, the order to remand is refused, and this is error, it can only be corrected in the supreme court after the delay and expense of a trial in this court, which would prove a most serious inconvenience to all parties.

There is another consideration that has weight with me in remanding these cases. If jurisdiction exists here by reason of their transfer from the state court, any final judgment which may be entered in the state court when the causes are again before them may be reviewed by appeal to the supreme court of the United States, if the judgment of the state court shall be against the defendant; for the defendants invoke the constitution of the United States as a defense against the relief asked by the plaintiffs. They thus raise a so-called federal question, and this federal question is the sole ground of transfer from the state court to this court. The same ground, if the decision of the state court shall be against them on that question, will give them an undoubted right to appeal for redress to the supreme court of the United States from the judgment against them in the state court. By remanding the causes, therefore, we do not deprive the defendants of any redress to which they may be entitled by appeal to the final judgment of the supreme court of the United States. If the defendants are right as to the very grounds upon which they claim that their causes should be retained here, any judgment which the state court may render against them will inevitably be reversed upon appeal to the supreme court of the United States from the state court in which the final judgment may be rendered.

For these reasons I deem it much the wiser course for all parties concerned to remand these causes to the state court. The jurisdiction of this court depends upon a question of serious doubt, raised by the defendants, under the constitution of the United States. I feel unwilling to retain here a large number of causes from the state courts, and go through all the forms of trial with them, at great expense and delay, seeing that our jurisdiction is subject to grave doubt, by reason of which all that we may do here may be reversed and annulled.