Vol. 101]     SEPTEMBER TERM, 1897.          707

Chesapeake, Ohio & Southwestern R. R. Co.'s Receivers v. Smith, by &c.

CASE 100—PETITION ORDINARY—OCTOBER 6.

# Chesapeake, Ohio & Southwestern R. R. Co.'s Receivers v. Smith, by &c.

### APPEAL FROM OHIO CIRCUIT COURT.

1. JURISDICTION—FEDERAL COURTS—RECEIVERS APPOINTED BY—RE-
MOVAL OF CAUSES.—In a case arising between a citizen and a
receiver appointed by a federal court for any act of the receiver,
where they are both residents of the same State, the State
courts have jurisdiction, and the judgment rendered therein is
final and binding as to the amount thereof; but as to all matters
of distribution of the estate in the hands of the receiver, such
as the time and mode of payment, and priorities, the federal
court having acquired jurisdiction and appointed the receiver,
has exclusive jurisdiction.

TAYLOR & McHENRY, AND CHARLES S. GRUBBS, AND P. H.
DARBY FOR APPELLANTS.

1. The petition for removal to the federal court was on the ground
that the suit arose under the Constitution and laws of the
United States, being one against the receivers appointed by the
federal court for an alleged wrongful and negligent act of their
employes in the operation of the road by them as the officers
of the United States Court, and the petition should have been
granted.   Hardwick v. Kean Rec'r., 95 Ky., 529.
2. The attempt by one of appellees's attorneys by erasure and
interlineation, without leave of the court, to change the petition
after it was filed, so as to prevent its removal to the federal court
was illegal and void.  Such action is not authorized by sec. 132 of
the Civil Code; that section contemplates the filing of an amend-
ed petition and answer, and not an erasing and interlineation; an
amended petition must be written out on paper and filed, or if
interlined must be entered on record.  Newman's Pleading &
Practice, p. 704.
3. But this suit being against the receivers of the federal court for
acts in the operation of the property in their charge is ancillary
to the suit in which they were appointed, and does not deprive
the courts of the United States of the jurisdiction which all

**708**            KENTUCKY REPORTS.            [Vol. 101

Chesapeake, Ohio & Southwestern R. R. Co.'s Receivers v. Smith, by &c.

courts exercise under these circumstances, without regard to the amount in controversy or the citizenship of the parties. White v. Ewing Rec'r., U. S. Sup. Court Rept., July 1, 1895, p. 1029, Lawyers Co-operative Publishing Co.'s Edition.

CRADDOCK & SANDIDGE FOR APPELLEE.

1. Suits against receivers which seek to seize or appropriate property in their custody are cognizable only by the court which appointed the receiver; but suits to establish the amount of a claim against the receiver wherein no lien is asserted upon the property in his hands, and there is no attempt to seize upon the same, may be in any court having jurisdiction of the parties. Central Trust Co. v. St. Louis, A. & T. Railway Co., 41 Fed. Rept., 551; Foster's Fed. Practice, sec. 250; McNulter Rec'r. v. Lockridge, 31 Amer. St. Rept., 366; Dillingham Rec'r. v. Russell, 15 Amer. St. Rept., 755.

2. The plaintiff had the right under the Code to amend his petition without leave of court and without notice to appellants more than five days before the term at which the case was called, and such amendments may be made by erasures and interlineations. Civil Code. sec. 132.

3. The failure to keep the crossing in that condition of repair required by the statute was *prima facie* negligence. Union Pac. R. R. v. McDonough, 152 U. S., 262.

E. W. HINES ON SAME SIDE.

1. The action being one merely to establish the amount of the claim against the receivers the lower court properly overruled the petition for removal to the federal court. Central Trust Co. v. E. Tenn. R. R. Co., 59 Fed. Rep., 523; Gay Hardie & Co. v. Briarfield Iron & Coal Co., 33 Amer. St. Rept., 122.

2. The amendment of the petition was made five days before the appearance term, and at a time when plaintiff had an absolute right to amend without the leave of the court or notice to the defendant, (Civil Code, sec. 132); and such amendment may be made by erasure and interlineation. Scarlett v. Academy of Music, 43 Md., 208; Fitzpatrick v. Gebhart, 7 Kansas, 35; Hyer 5. Vaugh, 18 Fla., 647; Garret v. Willcox, 83 Ill., 159.

3. The stenographer's report of the evidence and the instructions are not copied in the bill of exceptions, and while they are referred to therein they are not identified in any way; under such circumstances they can not be considered a part of the record. McAllister v. Life Ins. Co., 78 Ky., 531; Frost v. Crenshaw, 14 Ky. Law Rept., 490; Meaux v. Meaux, 81 Ky., 478.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee in the Ohio Circuit Court against appellants as receivers of the Chesapeake, Ohio & Southwestern Railway for damages for personal injuries inflicted on Madge Smith, an infant under twenty-one years of age.

At the appearance term and on the first day thereof the appellants filed their petition in the Ohio Circuit Court asking a removal of this cause from that court to the United States Circuit Court for the district of Kentucky, and also tendered bond as required by act of Congress in such cases. The petition for removal pleads that appellants are receivers of the Chesapeake, Ohio & Southwestern Railway by appointment of the United States Circuit Court for the district of Kentucky; that this action is civil in its nature and is brought against defendants in their capacity of receivers' only and they claim that that being the case are they entitled to a removal as of right under the law. The court on the motion and petition for removal declined to grant the removal and to this ruling the appellants excepted. Then appellants filed answer and the case was tried before a jury upon proof, and the trial resulted in a verdict and judgment for the appellee for $1,975, and after motion and reasons for new trial had been filed and overruled the appellants have appealed to this court.

The act of congress of March 3, 1887, amending act of March 3, 1875, as amended by act of congress of August 13, 1888, section 1, reads as follows: "That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil

nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners or in which there shall be a controversy between citizens of different States, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, or a controversy between citizens of the same State, claiming lands under grants of different States, etc."

Section 2, provides: "That any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending or which may hereafter be brought in any State court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district."

Subsection 3 of section 3 reads as follows: "That every receiver or manager of any property, appointed by any court of the United States, may be sued in respect of any act or transaction of his in carrying on the business connected with such property without the previous leave of the court in which such receiver or manager was appointed. But such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice."

Then follows subsection 4 of section 3, which provides that

all national banks shall be deemed citizens of the State in which they are located.

By the petition of appellee it is not sought in the State court to enforce a lien on any property or to appropriate any funds in the hands of the receivers, but only to ascertain that they had a valid claim against them, and the amount thereof. There is nothing in the petition of appellee showing that any claim is made of a liability arising under the laws, treaties or Constitution of the United States.

In the case of Walker v. Collins, 167 U. S., 57, the Supreme Court of the United States, by Mr. Justice White, says:" We need, however, only consider the first specification discussed in the brief of counsel for the plaintiff in error, to-wit, that the circuit court and circuit court of appeals were without jurisdiction over the controversy, and the judgments rendered were erroneous, by reason of the fact that the cause was improperly removed from the State court. This objection must be sustained upon the authority of Chappell v. Waterworth, 155 U. S., 102. That was an action of eject-ment brought in the State court, both plaintiff and defendant being residents of the same State, the declaration merely describing the land and alleging an ouster of the plaintiff by the defendant. The cause was removed into a circuit court of the United States upon the petition of the defend-ants, setting forth that the United States owned and held the land for a lighthouse, and that the defendant was holding possession as the keeper thereof under the authority of the United States. This court declined to consider the question presented by the record and argued at the bar because the cause was removed into the circuit court of the United

States without authority of law, holding that under the acts of March 3, 1887, chapter 373, and August 13, 1888, chapter 866, a case (not depending on citizenship of the parties, nor otherwise specifically provided for) can not be removed from a State court into the circuit court of the United States as one arising under the Constitution, laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim, and if it does not so appear the want can not be supplied by any statement in the petition for removal or in subsequent pleadings."

The petition in the above case alleged a wrongful seizure of plaintiff's goods. The answer admitted seizure and plead that defendant acted as United States marshal, etc.

By section 3 of the act of congress of August 13, 1888, *supra*, it is specially provided that receivers may be sued without authority previously having been given by the United States Circuit Court.

In the United States Circuit Court for the Eastern District of Arkansas, 41 Federal Rep., 551, Caldwell, J., says: "This court will not entertain the suggestion that its receiver will not obtain justice in the State courts. The act of congress gives the right to sue the receiver in the State courts, (Trust Co. v. Railway, 40 Fed. Rep., 426). The State court has jurisdiction of the parties and the subject matter, and its judgment against the receiver of this court is final and conclusive as it is against any other suitor. * * * It is true the act of Congress provides that when the receiver is sued the suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends

of justice.' This clause of the act establishes no new rule, but is merely declaratory of the  previously  existing  law. *  *  *  Suits, therefore, which seek to deprive the receiver of the possession of the property, and all process, the execution of which would have that effect, are subject to the control of the court appointing the receiver, so far as may be necessary to the ends of justice. The marshaling of the assets, the orderly distribution of the fund or property according to the rights and equities of the several parties in interest is not to be interfered with by the judgment or process of the State court. The judgment of the State court is conclusive as to amount of the debt, but the time and mode of its payment must be controlled by the court appointing the receiver."

We are referred by counsel for appellant to the opinion of this court in the case of Hardwick v. Kean, Receiver, 95 Ky., 563, as maintaining the contention that the circuit court erred in not transferring this case to the United States Circuit Court.

We have examined the record in that case and find that that action was brought by Hardwick against Kean, the receiver, for damages for the wrongful taking of 6 7-10 acres of plaintiff's land and the damages for the building of the railroad, all alleged to have been done by the Kentucky Union Railway Co. before Kean was appointed receiver. That opinion is not applicable to this case because the action there brought was not for the acts of the receiver, but of the railroad company before his appointment, and it will be observed that subsection 3 of section 3, quoted *supra*, provides that a receiver may be sued for any act or transaction

of his in carrying on the business connected with said property without permission.

We are, therefore, of opinion that the court did not err in overruling the motion to remove to the United States Circuit Court, regardless of the amount in controversy. In our opinion, in cases arising between the citizen and the receiver for any acts of the receiver, where they are both residents of the same State, the State courts have jurisdiction, and the judgment therein rendered is final and binding as to the amount only. And as to all matters of the distribution of the estate, such as time and mode of payment and priorities, the United States Circuit Court having acquired jurisdiction and appointed the receiver, has exclusive jurisdiction. Appellants also complain of the action of the circuit court on the trial of this case in giving and refusing instructions and in admitting incompetent evidence and in refusing to admit evidence offered by appellants.

Before errors of this character are reviewable by this court the same must appear in a bill of exceptions duly and regularly signed by the trial judge, and made part of the record.

The instructions and the stenographer's report of the evidence are not a part of the bill of exceptions, clearly coming within the rule laid down in McAllister v. Life Ins. Co., 78 Ky., 531, and Forest v. Crenshaw, 4 Ky. Law Rep., 596, and can not, therefore, be considered. There can, therefore, be no question in this case except the sufficiency of the pleadings, and, in our opinion, a cause of action is clearly stated.

Finding no error the judgment of the circuit court is affirmed.