JOHNSON v. WELLS, FARGO & CO.

(Circuit Court, N. D. California. November 17, 1899.)

No. 12,739.

REMOVAL OF CAUSES—CERTIORARI—RIGHTS CLAIMED UNDER INTERNAL REVENUE LAWS.

Rev. St. § 643, authorizing the removal to a circuit court of the United States, by writ of certiorari, of any civil suit commenced in any state court against any officer appointed under or acting by authority of any revenue law of the United States, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under any such law, is intended solely for the protection of the agents of the government in the administration and enforcement of its revenue laws, and its application is limited by its terms to suits against its officers, or those acting by their authority. An express company sued in a state court for refusing to accept goods tendered for transportation, as required by a state statute, cannot remove

such suit into a federal court, by writ of certiorari, under such section, on the ground that its refusal to accept the goods was based on a right claimed by it to require the shipper to furnish or pay for the stamp required to be placed on the receipt by the revenue laws of the United States.

Action at law to recover damages in the sum of $50 for the alleged neglect of the defendant, as a common carrier, to receive and transport a certain package of merchandise offered and tendered by plaintiff for conveyance and transportation.

McGowan & Squires, for plaintiff.

E. S. Pillsbury, for defendant.

MORROW, Circuit Judge. This is an action to recover damages in the sum of $50 for the alleged neglect of the defendant, as a common carrier, to receive and transport a certain package of photographs offered and tendered by plaintiff for conveyance and transportation. The case was originally removed to this court under the act of March 3, 1887 (24 Stat. 552), as corrected by the act of August 13, 1888 (25 Stat. 433), and the jurisdiction of this court was invoked by the defendant under section 629 of the Revised Statutes, providing that the circuit courts shall have original jurisdiction of all suits at law or in equity arising under any act providing for revenue. The court held that, although the court might have such original jurisdiction of the case, it could not acquire that jurisdiction under the act of removal, where it did not appear from the plaintiff's statement of his cause of action that it was one arising under the constitution, laws, or statutes of the United States, and that more than $2,000, exclusive of interest and costs, was involved. The case was accordingly remanded to the state court. Johnson v. Wells, Fargo & Co. (C. C.) 91 Fed. 1. The case is now here upon a writ of certiorari, under section 643 of the Revised Statutes. When the writ was granted upon the petition of the defendant, the question of jurisdiction was reserved to be further considered upon a motion to quash the writ. That motion having been made by the plaintiff, and also a motion to remand, the question of jurisdiction is now before the court for determination, and the solution of the question depends upon the construction to be given to section 643 of the Revised Statutes. This section relates to the removal of suits and prosecutions against officers, and persons acting under authority of such officers, on account of acts done under the revenue and registration laws of the United States. It is a long section, providing various details for the removal of such suits. The material part of the section, so far as it relates to this case, may be stated in the following language: When any civil suit is commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under any such law, the said suit or prosecution may, at any time before the trial or final hearing thereof, be removed, by

a writ of certiorari, from the state court into the circuit court next to be holden in the district where the same is pending, upon the petition of such defendant. The office and function of the common-law writ of certiorari issued from the king's bench or out of chancery was to supervise the action of inferior courts and quasi judicial proceedings where an individual was sued in a court having no jurisdiction, and no appeal or writ of error was given by law, or where the jurisdiction had been exceeded, or where it appeared that the prosecution was against the law. The purpose of the writ was in all cases to prevent injustice. Board v. Magoon, 109 Ill. 142, 146. It is clear that the writ of certiorari provided for in section 643 of the Revised Statutes is not the common-law writ, but a statutory writ, performing the office and function of an order of removal; and the jurisdiction of the circuit court to issue the writ and entertain the suit after such removal is dependent entirely upon the provisions of the statute as applied to the facts of the case.

It is alleged in the complaint in this case that the defendant was at the times mentioned in the complaint a common carrier of freight, goods, and merchandise, and engaged in the business of carrying freight, goods, and merchandise, as such common carrier, within the state of California, and to and from different parts thereof, and particularly to and from the city and county of San Francisco and the city of Oakland, in said state, and was at all times mentioned offering to carry the class of freight mentioned and described in the complaint; that on or about the 12th day of September, 1898, the plaintiff, being desirous of having the defendant carry a certain package of photographs from said city and county of San Francisco to said city of Oakland, offered and tendered to defendant said package of photographs, to be by said defendant, as such common carrier, conveyed and transported from said city and county of San Francisco to said city of Oakland, for which the charge of said defendant for said package was 25 cents; that the plaintiff offered and tendered to said defendant the said sum of 25 cents as freight on said package; that the defendant refused to accept or receive said package, or to convey or transport the same, or to permit it to be conveyed or transported upon or over any of its lines or conveyances; that by reason of the defendant's refusal to receive, transport, or convey said package of photographs plaintiff was compelled to send the same by other conveyance, was greatly inconvenienced, incurred additional cost and expense, and was damaged in the sum of $50. The defendant, in its petition for removal, refers to the act of congress of the United States entitled "An act to provide ways and means to meet war expenditures, and for other purposes," approved June 13, 1898, and particularly to the provision that from and after the 1st day of July, 1898, it shall be the duty of every carrier and express company to issue to the shipper or consignor, or his agent, or person from whom any goods are accepted for transportation, a bill of lading, manifest, or other evidence of receipt and forwarding for each shipment secured for carriage and transportation, whether in

bulk, or in boxes, bales, packages, bundles, or not so inclosed or included; and that there shall be duly attached and canceled, as in said act provided, to each of said bills of lading, manifest, or other memorandum, and to each duplicate thereof, a stamp of the value of one cent; that on the said 12th day of September, 1898, and when the plaintiff tendered said package to the defendant, the defendant, as a condition to the acceptance from the plaintiff of said package by it for transportation, requested the plaintiff to furnish to it, in addition to the regular charge of 25 cents demanded by it and tendered by the plaintiff, a United States revenue stamp of the value of one cent, or one cent for such a stamp, in order that, pursuant to the requirements of said act of congress, such a stamp might be attached (and canceled) to the bill of lading, manifest, or other memorandum, which, under the terms of said act of congress, it was the duty of the defendant to issue to the plaintiff upon the acceptance by it of said package tendered to it for carriage and transportation by the plaintiff; that the plaintiff refused to furnish the stamp, or to pay for the same, and thereupon, and in consequence of such refusal, the defendant declined to accept said package, or to carry or transport the same; that the refusal of the defendant to accept said package or to carry or transport the same was solely by reason and on account of the failure of the plaintiff to furnish said revenue stamp, or to pay for the same, and for no other reason, or otherwise. It is provided in section 2169 of the Civil Code of California: "A common carrier must, if able to do so, accept and carry whatever is offered to him at a reasonable time and place of a kind that he undertakes or is accustomed to carry." Defendant admits that the package was tendered at a reasonable time and place, and that it was of the kind that it was accustomed to carry, but it claims the right and authority, under the war revenue act of June 13, 1898 (30 Stat. 448, 459), to refuse to accept a package for carriage or transportation unless the person tendering the package furnishes a United States internal revenue stamp of the value of one cent, or pays one cent for the value of such a stamp furnished by the defendant, the stamp so furnished to be attached to the bill of lading, manifest, or other evidence of receipt and forwarding required by the law to be issued by the defendant; and because the defendant makes this claim as a defense to this action it contends that the circuit court has jurisdiction of the case. Section 643 of the Revised Statutes provides for the removal of a case from a state to a United States circuit court when suit is commenced in a state court against either of two classes of persons, namely: (1) Against an officer appointed under or acting by authority of any revenue law of the United States on account of any act done under color of his office, or of any such law, or on account of any right, title, or authority claimed by such officer under any such law; (2) against any person acting under or by authority of any such officer on account of any act done under color of his office, or of any such law, or on account of any right, title, or authority claimed by such officer. The defendant does not claim to have been an officer appointed under

or acting by authority of any revenue law, or a person acting under or by authority of any such officer, but it does claim that it was a person acting under the authority of a revenue law, and that this suit is being prosecuted against it on account of the right and authority claimed by it under such law to require the plaintiff to furnish or pay for a one cent stamp to be attached to the express receipt.

It will be observed that the right of removal here contended for by the defendant does not depend upon the validity of the right or authority of the defendant to require the plaintiff to pay the stamp tax, but merely upon the fact that it makes such a claim. In other words, it claims that there are three classes of persons described in section 643 who are entitled to have suits against them removed from the state to the federal courts. Two classes have been mentioned. The third class comprises persons who are not revenue officers, or persons acting under the authority of revenue officers, but persons who are being prosecuted on account of a right or authority claimed by such person under a revenue law. It is contended that this construction of the statute is supported by the language of section 3 of the act of March 2, 1833 (4 Stat. 633), commonly known as the "Force Act." This section furnished the original text from which section 643 of the Revised Statutes was compiled. It provides:

"That in any case where suit or prosecution shall be commenced in a court of any state against any officer of the United States or other person for or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right, authority, or title set up or claimed by such officer or other person under any such law of the United States, it shall be lawful," etc.

This section appears to be broad enough to support the jurisdiction contended for by the defendant, but it is no longer in force. Section 5596 of the Revised Statutes provides that:

"All acts of congress passed prior to said first day of December, one thousand eight hundred and seventy-three, any portion of which is embraced in any section of said revision, are hereby repealed and the section applicable thereto shall be in force in lieu thereof."

Section 643 of the Revised Statutes embraces a portion of the section under consideration, and is, therefore, now the law upon the subject, and resort can only be had to the original act to interpret anything left in doubt by the language of the revisers. U. S. v. Bowen, 100 U. S. 508, 513, 25 L. Ed. 631. Is there anything left in doubt in the revised section? It points out distinctly in the first part of the section the two classes of persons who are entitled to have certain suits against them removed from any state court to the United States circuit court, namely: (1) Any officer appointed under or acting by authority of any revenue law of the United States, and (2) any person acting under or by authority of any such officer. The character of the suits is then described, and removal limited to those suits against the officer or person acting under his authority, on account of any act done under color of office or color of law, and on

account of any right, title, or authority claimed by such officer or other person. Clearly, the "other person" last referred to is a person acting under the authority of a revenue officer, since only such a person is mentioned in the first part of the section as being entitled to have suits which may be brought against him removed to the federal court. The fact that the revised section introduces the person acting under authority of a revenue officer, and gives him the right of removal of a suit against him; and omits the "other person" provided in the corresponding part of section 3 of the act of March 2, 1833, appears to be a clear and consistent revision of that section. The purpose of the statute is to protect the revenue officers of the government in the line of their official duties, and those who are employed to act under them in the performance of such duties; but, further than providing this necessary protection to the administration of its revenues, the federal government has no interest in the business affairs of the people incidentally brought within the range of the tariff system. The statute must be interpreted with reference to its manifest spirit and general purpose, and a word or phrase should not be extended beyond its proper relation to give jurisdiction where jurisdiction does not appear to have been intended. Moreover, where the question of jurisdiction is doubtful, the rule now is to resolve that doubt against the jurisdiction of the federal courts. Kessinger v. Vannatta (C. C.) 27 Fed. 890; Fitzgerald v. Railway Co. (C. C.) 45 Fed. 812, 820; In re Foley (C. C.) 76 Fed. 390; Coal Co. v. Haley, Id. 882.

As it does not clearly appear that this court has jurisdiction of the present case, it follows that jurisdiction should not be entertained. The proper disposition of the case is provided for by section 5 of the act of March 3, 1875 (18 Stat. 472), where it is enacted that if, in any suit removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of the court that such suit does not really and substantially involve a dispute or controversy properly within its jurisdiction, the court shall proceed no further therein, but shall dismiss the suit, or remand it to the court from which it was removed, as justice may require. In accordance with this requirement, the suit will be remanded to the justices' court of the city and county of San Francisco.