## MATARAZZO v. HUSTIS.

### (District Court, N. D. New York.   March 18, 1919.)

1. REMOVAL OF CAUSES ⚫94—PETITION—AMENDMENT.
    Where defendant alleged in his petition for removal that plaintiff, who described himself in the complaint simply as a resident of the state, was a citizen of the United States, and thereafter learned that plaintiff was an alien, he can amend his petition to accord with the facts.

2. REMOVAL OF CAUSES ⚫11—SUIT BY ALIEN.
    A suit by an alien against a citizen of a state is within the judicial power of the United States under Const. art. 3, § 2, and within the original jurisdiction of the District Court as defined by Judicial Code, § 24 (Comp. St. § 991), and is therefore a suit which may be removed to the federal court under Judicial Code, § 28, subd. 2 (Comp. St. § 1010), authorizing removal of suits of which the federal courts are given original jurisdiction.

3. REMOVAL OF CAUSES ⚫12—"PROPER DISTRICT."
    The "proper district" to which a suit may be removed from a state court under Judicial Code, § 24 (Comp. St. § 991), is the district and division in which is situated the county from which removal is made, as provided by section 53 (Comp. St. § 1035), not the district in which the suit could have originally been brought.
    [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Proper District.]

4. REMOVAL OF CAUSES ⚫1—NATURE OF RIGHT.
    The right to remove a cause commenced in the state court is purely statutory.

5. COURTS ⚫276—DISTRICT IN WHICH SUIT MUST BE BROUGHT—WAIVER.
    The right to be sued in a particular District Court of the United States is a personal privilege which may be waived.

---

⚫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. COURTS ⬤⇒276—DISTRICT IN WHICH SUIT MUST BE BROUGHT—WAIVER.
In actions of a local nature which by Judicial Code, § 55 (Comp. St. § 1037), must be brought in the district where the property is situated, neither consent of the parties nor assumption of jurisdiction can confer jurisdiction on the court of another district.

7. REMOVAL OF CAUSES ⬤⇒12—SUITS REMOVABLE—RESTRICTIONS AS TO DISTRICT.
An alien cannot, by starting an action for personal injuries in the court of a state in which defendant did not reside, deprive defendant of his right to removal, because the district in which the cause is removed under Judicial Code, § 53 (Comp. St. § 1035), is not a district in which plaintiff could have originally brought suit in the federal court.

8. REMOVAL OF CAUSES ⬤⇒21—SUIT AGAINST COURT OFFICER—SUIT BY ALIEN.
Judicial Code, § 34 (Comp. St. § 1016), authorizing removal of suits by aliens against civil officers because in state not the residence of defendant, does not impliedly prohibit the removal of a suit by aliens against an officer of the court brought in a state not the defendant's residence, under the authority of Judicial Code, § 33, as amended by Act Aug. 23, 1916, c. 399 (Comp. St. § 1015), providing for removal of suits against federal court officers for acts in performance of their duties.

9. REMOVAL OF CAUSES ⬤⇒21—"OFFICER OF THE COURT"—RECEIVERS.
A receiver of a railroad originally appointed by the federal court in another district where he resided, and later reappointed in ancillary proceedings in the court to which a suit brought against him in a state in which he did not reside was removed, was an officer of the court to which the suit was removed within Judicial Code, § 33, as amended by Act Aug. 23, 1916, c. 399 (Comp. St. § 1015), authorizing removal of suits against officers of the court.

10. REMOVAL OF CAUSES ⬤⇒21—SUIT AGAINST OFFICERS—POWER OF CONGRESS.
Congress has the power to provide for the removal of suits against officers appointed by its courts as such, or for acts done in the discharge of their duties.

At Law. Action by Emilio Matarazzo, as administrator of Raffelo Matarazzo, deceased, against James H. Hustis, as receiver of the Boston & Maine Railroad. On motion by the plaintiff to remand the case from the state court, from which it was removed by defendant. Motion denied.

Motion by the plaintiff to remand this cause from the United States District Court of the Northern District of New York, to which court it was removed by the defendant, a citizen and an inhabitant of the state of Massachusetts, to the Supreme Court of the state of New York, Saratoga county, from whence it was removed. The motion is made on the ground that the plaintiff, Emilio Matarazzo is an alien, a citizen and subject of the kingdom of Italy, and not a citizen of the United States. It is not questioned that the plaintiff is an actual resident and inhabitant of said county of Saratoga, N. Y., where he, as administrator, commenced his action.

Leary & Fullerton, of Saratoga Springs, N. Y., for plaintiff.
Jarvis P. O'Brien, of Troy, N. Y., for defendant.

RAY, District Judge. The plaintiff, Emilio Matarazzo, is, as yet, a citizen and subject of the kingdom of Italy, but now is and for some years has been an actual resident and inhabitant of the county of Sara-

toga, state of New York. He has applied for citizenship by filing his first papers. He was appointed administrator of the estate of his deceased son, Ruffelo Matarazzo, by the surrogate and Surrogate's Court of the said county of Saratoga, N. Y., and as such brought this action under the provisions of the New York Code of Civil Procedure to recover damages alleged to have been sustained by him by reason of the death of said son, a resident of said county, caused, as alleged, by the negligence of the defendant, who as receiver appointed by the federal court in the state and district of Massachusetts was and is operating the Boston & Maine Railroad, which is a corporation of the said state, and of which state the defendant James H. Hustis is a citizen and a resident. The damages are laid at the sum of $15,000. The said railroad operates to some extent in the state of New York. The venue of the action so brought was laid in the said county of Saratoga, N. Y., which county is in the Northern district of New York. In the complaint the plaintiff stated he was a resident of said county of Saratoga.

[1] The defendant, from the allegations of the complaint and the information he then had, assumed that the plaintiff was a citizen of the United States and of the state of New York, and such were the allegations of the petition of removal. On this motion to remand the plaintiff states he is not a citizen of the United States, but an alien, a citizen and subject of the kingdom of Italy, and a resident and an inhabitant of said county of Saratoga, N. Y. The defendant moves to amend his petition of removal to accord with the facts, and that motion to amend is granted. Wilbur v. R. J. C. C. & C. Co. (C. C.) 153 Fed. 662, 664; Southern Pac., etc., v. Stewart, 245 U. S. 359, 363, 38 Sup. Ct. 130, 203, 62 L. Ed. 345, 472.

[2] On the main question the plaintiff contends that the cause is not a removable one, as the plaintiff is not a citizen of the United States or of the state of New York, but, as stated, a citizen and subject of the kingdom of Italy.

Under the Constitution of the United States (section 2, art. 3) the judicial power extends to all cases in law and equity "between a state, or the citizens thereof and foreign states, citizens or subjects." The Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091 [Comp. St. § 968 et seq.]) provides (section 24 [Comp. St. § 991]) that—

"The District Courts shall have original jurisdiction as follows: * * * Where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, * * * or * * * is between citizens of different states, or * , * * is between citizens of a state and foreign states, citizens, or subjects."

Hence this is a case to which the judicial power of the United States extends, and one of which the United States District Court has original jurisdiction. There is no chance for quibble over this language. The plaintiff is a citizen and a subject of the kingdom of Italy, a foreign state, and defendant is a citizen of the state of Massachusetts. The cause of action alleged arose in the Northern district of the state of New York, of which the plaintiff is an actual resident and inhabitant, and the suit is of a civil nature. The plaintiff brought his action in the county of Saratoga in that judicial district.

What suits may be removed from the state court to the United States court? The Judicial Code, defining removable causes, provides:

"Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state." Section 28, Judicial Code, subdivision 2, title, The Judiciary, c. 3 (Comp. St. § 1010).

The first subdivision of the section relates to "any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority of which the District Courts of the United States are given original jurisdiction by this title," etc. This suit, clearly, is one of the class "any other suit of a civil nature," and it is an action at law, and one of which the District Courts of the United States is given jurisdiction by "this title." Title, "The Judiciary."

[3] Section 53 of the Judicial Code (Comp. St. § 1035) provides:

"In all cases of the removal of suits from the courts of a state to the District Court of the United States such removal shall be to the United States District Court in the division in which the county is situated from which the removal is made."

Hence this case, if removable, was removed to the proper District Court. It is now settled that the words "for the proper district," used in section 28 of the Judicial Code, refer to the "proper district" to which a cause may be removed as stated in section 53 of the Judicial Code, and not to the "proper district" for bringing such a suit originally, if brought in the District Court of the United States in the first instance. Ostrom v. Edison (D. C.) 244 Fed. 228. It would seem that the decided cases settle the question of the removability of the instant case. Matter of Tobin, Petitioner, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061. See, also, Matter of Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203; Rones v. Katalla Co. (C. C.) 182 Fed. 946, 947; Morris v. Clark Construction Co. (C. C.) 140 Fed. 756; Sherwood et al. v. Newport News & M. V. Co. et al. (C. C.) 55 Fed. 1; Manufacturers' Com. Co. v. Brown A. Co. (C. C.) 148 Fed. 308; Iowa L. G. M. Co. v. Bliss et al. (C. C.) 144 Fed. 446; James v. Amarillo C. L. & W. Co. (D. C.) 251 Fed. 337; Louisville & N. R. Co. v. Western Union Tel. Co. (D. C.) 218 Fed. 91.

The Judicial Code not only fixes the place or district in which suits in the United States District Court are to be brought or commenced (sections 40 to 56 inclusive [Comp. St. § 1022–1038]), but fixes the place or District Court into which a cause commenced in the state court of a state must be removed, if removed (section 53, Judicial Code).

[4] The right to remove a cause commenced in a state court is purely statutory. Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713; Ostrom v. Edison (D. C.) 244 Fed. 228. The place where suits brought in the United States courts must be brought is fixed by statute.

[5] The right to be sued in a particular District Court of the United States is a personal privilege, and may be waived so far as jurisdiction of the person is concerned.

[6] When the suit is of a local nature and involves reaching real estate or property of a fixed nature or character, it must be brought in the district in which such property is situated, if wholly in one district, but if such property is partly one one district and partly in another district of the same state, then the suit may be brought in either of such districts, and the court in which such suit is brought has jurisdiction of all the property in both districts. Section 55, Judicial Code (Comp. St. § 1037).

In the case of actions of a local nature neither consent of the parties nor assumption of jurisdiction by the court, nor both together, can confer it. Minnesota v. Northern Securities Co., 194 U. S. 48, 62, 24 Sup. Ct. 598, 48 L. Ed. 870; Mansfield v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Parker v. Ormsby, 141 U. S. 81, 11 Sup. Ct. 912, 35 L. Ed. 654.

But this is outside the questions here.

[7] If the plaintiff sues in the state court outside the jurisdiction in which he must have brought suit had he sued in the United States District Court, he cannot thereby defeat removal pursuant to section 53 of the Judicial Code for "in all cases of the removal of suits from the courts of a state to the District Court of the United States such removal shall be to the United States District Court in the division in which the county is situated from which the removal is made." In this case the removal was made from the state court in Saratoga county in the Northern district of New York, in which county the plaintiff resided and in which county he laid the venue and commenced his action to the United States District Court of the Northern District of New York, and this was done pursuant to and in strict accordance with the provisions of section 53, Judicial Code. The right of removal was absolute even if the plaintiff could not have sued in that district. M. Hohenberg & Co. v. Mobile Liners (D. C.) 245 Fed. 169. In that case plaintiff sued defendant in the state court in a state of which defendant was not a resident. The defendant removed it to the United States District Court of the district in which the county in which the suit was brought was situated. The plaintiff moved to remand the cause. Held, he could not contest the removal on the ground that he could not have brought the suit in the District Court of the United States of that district over the defendant's objection.

Where an alien sues a citizen in a state court in which state such defendant does not reside, the defendant may remove the case into the United States court, and it will not be remanded. H. J. Decker, Jr., & Co. v. Southern Ry. Co. (C. C.) 189 Fed. 224. Having there brought his suit, and defendant not objecting, the plaintiff cannot then complain that he could not have sued defendant in such district, and that hence the cause was improperly removed. H. J. Decker & Co. v. Southern Ry. Co., supra. In Rones v. Katalla Co. (C. C.) 182 Fed. 946, it was held that an action brought by an alien in a state court against a nonresident of such state in which the suit was brought may be re-

moved to the United States District Court. O'Conor v. Texas, 202 U. S. 501, 26 Sup. Ct. 726, 50 L. Ed. 1120, is not a decision to the contrary. There the state of Texas sued an alien, Thos. O'Conor, domiciled in the republic of Mexico, in the state courts of Texas, to recover the possession of a large tract of land in said state. No constitutional question was involved, nor any question under any treaty or law of the United States. The alien was defendant, and of course was not a citizen of the United States, nor was he a resident of or domiciled in the United States. The action was local in its nature and character, and the United States courts had no jurisdiction of the case, as it was not one between citizens, or a citizen of a state and a foreign state, or a citizen or a subject of a foreign state. The plaintiff was the state of Texas, not a citizen of Texas, nor of any state, and hence the case was not within section 24 of the Judicial Code.

In re Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, followed in Ex parte Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203, can hardly be considered an authority controlling on the question involved here. The judge below had refused to remand the cause. He had performed his duty by deciding the question involved. It was sought to compel him to change that decision and make another by mandamus. The Supreme Court discharged the rule and refused to grant the writ, but did not indicate on what ground it made its decision. It remained silent on the questions whether or not the cause was a removable one and whether or not it should have been remanded. We may infer that the court was of the opinion the case was a removable one, and that remand was properly refused, or we may infer that the court was of opinion that mandamus was not the proper mode of correcting the error, if there was error, in refusing to remand the cause.

[8] But irrespective of the many conflicting decisions on this subject and of section 34 of the Judicial Code (Comp. St. § 1016), from which it may be implied that such a case as this, brought by an alien, cannot be removed, inasmuch as it is not brought against a civil officer of the United States, the question of the removability of this case is settled by section 33 of the Judicial Code as amended by the act approved August 23, 1916 (Act Aug. 23, 1916, c. 399, 39 Stat. 532 [Comp. St. § 1015]), and which, as amended, provides:

"That when any civil suit or criminal prosecution is commenced in any court of a state against * * * or against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer, * * * the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the District Court next to be holden in the district where the same is pending upon the petition of such defendant to said District Court and in the following manner," etc.

This provision as to suits against "any officer of the courts of the United States," etc., was inserted by the amendment of 1916.

[9] Receivers appointed by the United States court are "officers of the court appointing them." James H. Hustis was first appointed receiver by the District Court of the District of Massachusetts, and then in ancillary proceedings by this court, so he is "an officer of this court"

duly appointed by it, and also of the United States District Court of the District of Massachusetts, but the removal is to be into the District Court of the Northern District of New York, as the suit is "pending" in that district. He is sued for acts done by him while performing his duties in conducting the business of the railroad which he was authorized and directed to do.

Receivers are officers of the court appointing them. Railroad Co. v. Soutter, 2 Wall. 510, 519, 17 L. Ed. 900, where the Supreme Court said, "The receiver is the officer of the court;" Chicago Union Bank v. Kansas City Bank, 136 U. S. 236, 10 Sup. Ct. 1017, 34 L. Ed. 341, where the court said, speaking of a receiver, "And the utmost effect of his appointment is to put the property from that time into his custody, as an officer of the court;" Booth v. Clark, 17 How. 322, 331, 15 L. Ed. 164, where the Supreme Court said, "A receiver is an indifferent person between parties appointed by the court; * * * he is an officer of the court;" Stannard v. Reid & Co., 118 App. Div. 304, 314, 103 N. Y. Supp. 521, 527, where the court said, "The general rule is that receivers are officers of the court;" Ahern v. Steele, 115 N. Y. 203, 232, 22 N. E. 193, 203 (5 L. R. A. 449, 12 Am. St. Rep. 778), where the court said, "The receiver thus appointed was not their agent; * * * he was the agent and officer of the court, bound to obey its direction, and subject to its control;" Smith on Receivers, § 35; Adderson on Receivers, §§ 5–301; High on Receivers, § 188; 34 Enc. L. & Proc. 236 (Cyc.), where it is said, "A receiver by his appointment does not become a litigant in the action, but he is an officer and representative of the court appointing him," citing numerous cases decided in many of the states of the Union; Scott, Collector, etc., v. Western Pac. R. R. Co., 246 Fed. 545, 546, 58 C. C. A. 515, 516, where the court said, "Receivers are officers of the court, and by all authority may properly ask instructions from the court concerning the administration of the property in their hands;" Harrison et al. v. J. J. Warren Co., 183 Mass. 123, 124, 66 N. E. 589, 590, where the court said, "A receiver is merely a ministerial officer of the court;" Vandalia v. St. L. & T. H. R. R. Co., 209 Ill. 73, 80, 70 N. E. 662, 664, where it is said, "He [a receiver] is the officer of the court appointed on behalf of all parties to take the possession and hold it for the benefit of the party ultimately entitled; Coates v. Cunningham, 80 Ill. 467;" Kreling v. Kreling, 118 Cal. 422, 50 Pac. 550, where the court says, "A receiver is an officer or representative of the court, appointed to take the charge and management of property which is the subject of litigation before it, for the purpose of its preservation and ultimate disposition according to the final judgment therein;" Vermont, etc., R. Co. v. Vermont Central R. Co., 46 Vt. 792, where it is held that a receiver and manager are both "officers of the court, and entitled to its protection while in the proper discharge of their duty;" Bausman v. Dixon, 173 U. S. 113, 114, 19 Sup. Ct. 316, 317 (43 L. Ed. 633), where it is held, "It is true that the receiver was an officer of the Circuit Court, * * * and, certainly, an officer of the Circuit Court stands on no higher ground than an officer of the United States;" Gableman

v. Peoria, etc., Ry. Co., 179 U. S. 335, 340, 21 Sup. Ct. 171, 45 L. Ed. 220, where the above language was cited and approved.

A receiver appointed by the courts of the United States by this amendment was put on the same footing with officers created specifically by statute, and was enacted because of conflicting decisions as to suits against receivers and their removability.

[10] Congress, which creates the subordinate federal courts and prescribes their powers and jurisdiction (within constitutional limitations of course), also fixes the jurisdiction within which suits in such courts shall or may be brought, and specifies the cases which may be removed into the federal courts, assuming federal jurisdiction of the subject-matter, and also the mode and manner of such removal. It has power to say by statute that all suits against officers of the United States or against officers of or appointed by its courts, as such, or for acts done by them in the discharge of their duties, shall be brought in the federal courts, or if brought in the state courts that such suits may be removed into the United States courts for trial, irrespective of amount involved or in controversy, and irrespective of citizenship or nationality or of residence of the parties. Of course the suit must involve a matter to which the judicial power of the United States extends. Of course an alien coming into the United States and residing here, even temporarily, is entitled to the protection of, and is subject to the provisions of, the statutes of the United States and of treaties made which, while in force, are the supreme law of the land. Congress has the undoubted right to legislate specially in regard to aliens and grant them privileges denied to citizens of the United States by saying that suits brought by them in our state courts shall not be removed in any case into the courts of the United States, but, unless an exception is made in their favor, when the alien comes into the United States and invokes the aid or protection of the courts, it would seem he must accept the laws as they are, including those relating to procedure and removal of causes. The act of August 23, 1916, amending section 33 of the Judicial Code, makes no reservation in favor of aliens or any reservation in any way affecting them, and it makes no reference to amount in controversy, or citizenship, or residence. It is a plain declaration that "when any civil suit or criminal prosecution is commenced in any court of a state" against revenue officers, etc., "or against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer," the said suit may at any time be removed to the United States District Court for trial.

Citizenship and residence and amount in controversy are immaterial under this section as amended, when the suit is against "any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer." This amendment was made to protect officers of the courts of the United States from suits in the state courts in any such case by enabling such officers when sued for the cause specified to remove the case. It applies when the action is commenced by an alien the same as when brought by a citizen, and there is no reason why it should not.

It had been held by the Supreme Court of the United States in Gableman v. Peoria D. & E. R. Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220, that a receiver of a state corporation appointed by the courts of the United States could not remove a case brought against him in the state court on the ground he was such receiver, as the fact he was appointed by the United States court did not make it a case arising under the Constitution or laws of the United States. This, in effect, had been held in Echols v. Smith, 101 Ky. 707, 42 S. W. 538; People v. Bleecker St., etc. (C. C.) 178 Fed. 156, and other cases.

Before the insertion of the amendment quoted, as now, the first part of section 33 read:

"That when any civil suit or criminal prosecution is commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under any such law; or is commenced against any person holding property or estate by title derived from any such officer, and affects the validity of any such revenue law," the said suit or prosecution may be removed, etc.

The constitutionality of this provision was upheld in Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648. It was enacted to facilitate the enforcement of the revenue laws of the United States, and because one of the states of the Union had attempted to make penal the collection by officers of the United States within the state of duties under the revenue laws. Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648; People's United States Bank v. Goodwin (C. C.) 162 Fed. 937. Its purpose was to protect the revenue officers of the United States and all who might be engaged in aiding and assisting them in the performance of their duties. Johnson v. Wells Fargo & Co. (C. C.) 98 Fed. 3, 8; Davis v. South Carolina, 107 U. S. 597, 2 Sup. Ct. 636, 27 L. Ed. 574; Commonwealth of Virginia v. De Hart (C. C.) 119 Fed. 626. See, also, City of Philadelphia v. Collector, 72 U. S. (5 Wall.) 720, 18 L. Ed. 614, and Venable v. Richards, 105 U. S. 636, 26 L. Ed. 1196; Downes v. Bidwell, 182 U. S. 244, 21 Sup. Ct. 770, 45 L. Ed. 1088. Prior to the amendment of 1916, suits against United States commissioners for acts done as such (Benchley v. Gilbert, Fed. Cas. No. 1,291), and United States marshals for seizure of property under process issued by a federal court in a suit between individuals (Mayo v. Dockery [C. C.] 108 Fed. 897) could not be removed to the United States court except on the grounds stated in the general removal act; that is diversity of citizenship and requisite amount in controversy must exist. The increasing frequency of annoying and vexatious suits against officers of the United States courts, including receivers and commissioners appointed by such courts, induced and made necessary the amendment to the statute above quoted.

It was also necessary, or at least proper, to settle the question whether receivers appointed by a United States court and marshals and clerks of the court, where sued in the state courts for their official acts or acts done under color of their offices and in the discharge of their duties, might remove the case into the United States court for trial

irrespective of the question of amount involved and diversity of citizenship. In Betts v. Bisher, 213 Fed. 581, 130 C. C. A. 161, following Gableman v. Peoria, etc., Ry. Co., 179 U. S. 335, 342, 21 Sup. Ct. 171, 45 L. Ed. 220, it was held that—

"Where a receiver of a corporation was appointed by a federal court, an action against the receiver for injuries to an employé was maintainable in such court, though there was no federal question involved nor diversity of citizenship."

This because such a suit is ancillary to the original suit, and the judgments are payable from the property in the hands of the receiver.

In Gableman v. Peoria, etc., supra, the court held (179 U. S. 342, 21 Sup. Ct. 174, 45 L. Ed. 220):

"It should be added that while these actions against receivers may be brought in other courts, they may nevertheless also be brought in the court by which the receiver was appointed, inasmuch as the judgments recovered are payable from the property or funds in the course of administration, and the actions may be regarded as ancillary in the sense of subordination to such administration."

In White v. Ewing, 159 U. S. 36, 39, 15 Sup. Ct. 1018, 1019 (40 L. Ed. 67), the court said:

"The Circuit Court obtained jurisdiction over the Cardiff Coal & Iron Company by the filing of the original creditor's bill by Bosworth, a citizen of Massachusetts, and by the appointment of a receiver, and any suit by or against such receiver, in the course of the winding up of such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and as cognizable in the Circuit Court, regardless either of the citizenship of the parties or of the amount in controversy. Freeman v. Howe, 24 How. 450, 460 [16 L. Ed. 749]; Krippendorf v. Hyde, 110 U. S. 276 [4 Sup. Ct. 27, 28 L. Ed. 145]; Dewey v. West Fairmont Gas Coal Co., 123 U. S. 329 [8 Sup. Ct. 148, 31 L. Ed. 179]; In re Tyler, 149 U. S. 164, 181 [13 Sup. Ct. 785, 37 L. Ed. 689]; Root v. Woolworth, 150 U. S. 401, 413 [14 Sup. Ct. 136, 37 L. Ed. 1123]; Rouse v. Letcher, 156 U. S. 47, 49 [15 Sup. Ct. 266, 39 L. Ed. 341]."

There can be no doubt that suits against a receiver appointed by a court of the United States brought in the state court may be removed for trial to the United States District Court of the district where pending when diversity of citizenship and requisite amount in controversy exist, and that such a suit, when such facts exist, brought by an alien, may be removed, unless it be held that section 34 specifies the only case in which a suit brought by an alien can be removed. But no such construction can reasonably be given, for section 34 must be read in connection with section 33, and, so read, it merely provides that when an alien sues a citizen of the United States who is or who, when the alleged cause of action accrued, was a civil officer of the United States and a nonresident of the state in which the suit was brought, irrespective of the amount involved or in controversy, the suit may be removed by the defendant. Section 33 does not embrace in its terms "civil officers" of the United States, and hence a civil officer of the United States, when sued in the state court, cannot remove the cause, except when it comes within section 34, that is, when plaintiff is an alien, irrespective of the amount in controversy.

A defendant in such a case as is mentioned in section 34, that of a

civil officer of the United States and nonresident, when the plaintiff is a citizen, cannot remove the case from the state court to the United States court irrespective of amount in controversy, but if the plaintiff is an alien he may. I cannot agree with the remarks of the learned judge in Hall v. Great Northern Ry. Co. (D. C.) 197 Fed. 488, 490, 491, on this subject.

As I understand, the main contention of the plaintiff's counsel is that the plaintiff, having brought his action in the Northern district of New York, where he could not have brought it, being an alien, had the defendant objected, he thereby deprived the defendant, a nonresident of the state of New York, of the right to remove the cause to the United States District Court, a right he would have had had the suit been brought in the state court of the district of Massachusetts. Section 51 of the Judicial Code (Comp. St. § 1033) provides:

(A) "No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant," and (B) but where the jurisdiction is founded only on the fact that the action is between citizens of different states suit shall be brought "only in the district of the residence of either the plaintiff or the defendant."

This is not a case that comes under B above, as it is not a suit between citizens of different states. The plaintiff is not a citizen of any state. The defendant is not an inhabitant or citizen of the Northern district of New York, and if he had objected, the plaintiff could not have obtained jurisdiction of his person by suing him there. But the defendant did not object. He waived the personal privilege of being sued in the district of Massachusetts, of which district he was an inhabitant. The subject-matter of the suit is within the jurisdiction of the District Court of the Northern District of New York. The plaintiff, an alien, having come into the Northern district of New York and there brought his suit against defendant, who did not object to being sued in that district, and the cause being one of which any District Court of the United States has jurisdiction and of which the District Court of the Northern District of New York would have had jurisdiction had it been brought in that court originally, it does not lie with the plaintiff to say the cause cannot be removed to the District Court specified in section 53. The suit was brought by the plaintiff in the state court, and is now pending, and it is one of which "the District Courts of the United States are given jurisdiction," and the defendant is a nonresident of the state of New York. It is therefore a suit of a civil nature, at law, of which the District Courts of the United States are given jurisdiction by the title "The Judiciary," and was brought after section 28 of the Judicial Code was enacted, and defendant is a nonresident of the state in which the suit was brought. In Park Square, etc., v. American Locomotive, etc. (D. C.) 222 Fed. 979, this court held that the words "proper district," used in section 28, meant the district in which the suit should have been brought, and refused to remand.

It is true that the writ of error was dismissed and the Supreme Court of the United States denied mandamus (244 U. S. 412, 37 Sup. Ct. 732,

61 L. Ed. 1231) to compel this court to change its decision, but, plainly, I think, intimated the decision of this court should have been the other way, and that "proper district" is the one into which removal is directed by the Judicial Code when removal is ordered. See section 29 (Comp. St. § 1011) and section 53, which last section says:

"In all cases of the removal of suits from the courts of a state to the District Court of the United States such removal shall be to the United States District Court in the division in which the county is situated from which the removal is made"

—and section 29 provides that the petition for removal under section 28, except in case of removal sought on the ground of local prejudice, shall be "for the removal of such suit into the District Court to be held in the district where such suit is pending," referring to the pending of the suit in the state court.

As the provisions for the bringing of a suit in personam (not local in its character) in the United States District Court in a particular district is one for the benefit and protection of the defendant, and which does not go to the jurisdiction of the court over the subject-matter of the suit (when in personam), and such right may be waived, and in this case has been waived, I am constrained to hold that the case was a removable one irrespective of section 33 of the Judicial Code, and was properly removed, and that the motion to remand must be denied.

I am also of the opinion that this case is one within the provisions of section 33 of the Judicial Code, and may be removed by the defendant into the District Court of the United States at any time before trial.

In re Moore, 209 U. S. 506, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, is not a holding that this cause cannot be removed. In that case Moore, an infant and a citizen of the state of Illinois, by one Safford, a citizen of Missouri, appointed his next friend by the state court of the Eastern district of Missouri for the purpose of bringing the suit, brought suit against the Louisville & Nashville Railroad Company, a corporation created and existing under the laws of the state of Kentucky in the state court of the state of Missouri. On its petition and in proceedings in due form the defendant thereupon moved the cause into the United States District Court for the Eastern Judicial District of Missouri on the ground of diversity of citizenship. The plaintiff could not have sued defendant in that district, but defendant did not object and raise the question. Thereafter the plaintiff filed an amended complaint in the United States District Court to which the case had been removed. By stipulation of the parties defendant was given additional time to answer the amended complaint, and by other stipulation between the parties the trial was postponed from time to time. Thereafter the plaintiff moved to remand the cause to the state court. This motion was denied by the court, whereupon the plaintiff sought to compel a remand of the case by mandamus. Mandamus was denied. The court held that while consent of all parties cannot confer jurisdiction of the subject-matter of a suit, the suit in question was one relating to a subject-matter of which the District Courts of the United States generally are given jurisdiction, and therefore the Dis-

trict Court into which the suit was removed had jurisdiction of the subject-matter of the suit. The court further held that the provisions of law as to the district in which a suit shall be brought when in personam is a personal privilege or exemption, and may be waived, and that defendant did waive it, and consented and submitted to the jurisdiction of the court into which the cause was removed. Several cases were cited, especially Ex parte Schollenberger, 96 U. S. 369, 379, 24 L. Ed. 853, where the court said:

"The act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he had consented."

See, also, the several cases on this subject quoted from In re Moore, supra. The court there (page 506 of 209 U. S., at page 591 of 28 Sup. Ct. [52 L. Ed. 904, 14 Ann. Cas. 1164]) says:

"As we have seen in this case, the defendant applied for a removal of the case to the federal court. Thereby he is foreclosed from objecting to its jurisdiction."

The court then said:

"In like manner, after the removal had been ordered, the plaintiff elected to remain in that court, and he is, equally with the defendant, precluded from making objection to its jurisdiction."

The court then expressly repudiates the statement in the Wisner Case at page 460 of 203 U. S., 27 Sup. Ct. 150, 51 L. Ed. 264. In re Moore does not hold, even by necessary implication, that where an alien, not a citizen of any state, selects the state court in which he will sue a defendant, and sues, and defendant waives the right to be sued in a particular district, such defendant may not remove the cause into the District Court of the district in which such suit is brought and is pending at the time of removal, under the specific language of section 28 of the Judicial Code. There is nothing in the removal statutes which forbids the removal of such a case as this, and it seems to me that when this alien plaintiff sued the defendant outside the district of his residence he submitted himself to and consented to the consequences of such action. Diversity of citizenship is not involved in this case. I cannot see that any further consent of the alien plaintiff to accept the jurisdiction of the United States District Court was necessary. If I am not correct in my conclusions, then Matter of Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, followed in the Matter of Athanasi Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203, is a snare for the unwary practitioner and the lower courts. The court in Matter of Tobin, supra, says:

"It is conceded that the plaintiff was and is an alien, and that the defendant is not a resident or citizen of the state of Minnesota," in the state court of which state the suit was commenced.

This language and statement of fact has significance. The court might have indicated the cause was not removable had that been its

opinion, but did not do so. This is significant. It did not intimate even the court was in error in refusing to remand, and then decide that mandamus was not the proper remedy to correct the error.

But irrespective of all this this receiver, an officer of the United States District Court of the District of Massachusetts may, as stated, remove the case at any time into the United States District Court under the provisions of section 33 of the Judicial Code.

Motion to remand is denied.